The issue presented by this case is whether the trial court erred in entering a summary judgment for the defendant, the City of Gadsden ("the City"), against the plaintiff, Larry Joe Lee, in a breach of contract action based on an alleged implied employment contract for a specified term.
After a careful review of the record, we are convinced that Lee failed to meet his burden of showing that his employment contract was other than one terminable at will. The judgment of the trial court is, therefore, due to be affirmed.
In January 1985, Lee was hired by the City as an "Equipment Operator I"[1] for the City's "Nuisance Abatement Department."[2] In October 1985, Lee was injured while on the job, and was told by his doctor that he could return to work only on a light-duty basis. In order to help Lee return to his normal duties sooner, and to keep Lee gainfully employed, Lee's supervisor, Marion Wise, wrote Lee a letter offering him a job as a night watchman at a joint Recreation and Parks Department-Nuisance Abatement Department equipment storage facility. Lee was to be paid at the same salary level, and the term of employment was until "you [Lee] are able to return to [the] Nuisance Abatement work force."
In December 1989, Gadsden's city council passed an ordinance adopting a budget that effectively eliminated the Nuisance Abatement Department. All of the Nuisance Abatement Department positions, except one, were left unfunded. The Department's work was either assigned to other City departments or contracted out to private companies.
City officials then offered Lee the same position he held, as night watchman, but at a lower rate of pay. Lee sued, claiming that he had relied upon the letter from his supervisor, Wise, and that the letter constituted an implied contract of employment.[3]
Following substantial discovery, Lee filed a motion for summary judgment, with supporting affidavits. Soon thereafter, the *Page 1038 
City also filed a motion for summary judgment. After considering the evidentiary submissions and oral arguments of counsel, the trial court entered a summary judgment for the City. The trial court stated in its order:
 "The Court has reached the conclusion that, even when examined in a light most favorable to the plaintiff, the communications which took place between the defendant and plaintiff were insufficient to create a binding contract of employment for a definite time, or of permanent employment, such as would prevent the defendant from taking the actions it took in respect to plaintiff's employment."
Lee appealed to this Court.
Initially, we note that our review of a summary judgment isde novo; that is, we must examine all the evidentiary submissions that were presented to the trial court. Tolbert v.Gulsby, 333 So.2d 129 (Ala. 1976). The two-tiered standard of review for summary judgment has been repeatedly stated: 1) there must be no genuine issues of material fact, and 2) the movant must be entitled to a judgment as a matter of law. Ala.R.Civ.P. 56(c), Tripp v. Humana, Inc., 474 So.2d 88 (Ala. 1985). Further, on review of a summary judgment, we must view all the evidence in a light most favorable to the nonmovant and we must entertain all reasonable inferences from the evidence in favor of the nonmovant. Fincher v. Robinson Bros.Lincoln-Mercury, Inc., 583 So.2d 256 (Ala. 1991). See, alsoHanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
The party moving for a summary judgment must make a prima facie showing that there are no genuine issues of material fact and that he is entitled to a judgment as a matter of law.Fincher, 583 So.2d at 257. If this showing is made, the burden then shifts to the nonmovant to rebut the movant's prima facie showing by "substantial evidence."[4] The City met its prima facie burden by submitting the pleadings; the affidavits of Jerry Gladden and Roger Kirby, the City's personnel director and attorney, respectively; the depositions of Gladden and Jan Kilgore, the City's risk manager, and Marion Wise, Lee's supervisor; the letter from Wise to Lee; and a memorandum from Kilgore to Lee offering Lee the night watchman position at a lower pay. The burden then shifted to Lee to support his claim by substantial evidence.[5]
In Alabama, an employee must show three elements to establish that an employment relationship is one other than one terminable at will:[6]
 "(1) that there was a clear and unequivocal offer of lifetime employment or employment of definite duration, Bates v. Jim Walter Resources, Inc., 418 So.2d 903 (Ala. 1982); (2) that the hiring agent had authority to bind the principal to a permanent employment contract, Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939); and (3) that the employee provided substantial consideration for the contract separate from the services to be rendered, United Security Life Ins. Co. v. Gregory, 281 Ala. 264, 201 So.2d 853 (1967)."
Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725, 728 (Ala. 1987). Here, we find that Lee failed to submit sufficient support for the last two of these elements.
As to the first element, that there was a clear and unequivocal offer, our case law reveals that the offer may be one for lifetime employment, employment for a definite *Page 1039 
or specified duration, "permanent employment,"[7] or employment "so long as the employee desires." See, id. at 728; AlabamaMills, Inc. v. Smith, 237 Ala. 296, 299, 186 So. 699, 701-02
(1939). The question, under either theory, is whether a duration was either stated or strongly implied. Here, the letter from Wise to Lee stated:
 "However, we are able to offer you work that would provide you with forty hours per week, at your present rate of pay, as Night Watchman for the grounds located at 301 North 5th Street, City Park Shop. You will hold this position until you are able to return to [the] Nuisance Abatement work force."
We find that a fair-minded person would interpret this language as offering Lee a night watchman position, at his then-present rate of pay, until Lee was physically able to do nuisance abatement work. The offer, then, would be clear and unambiguous. Thus, Lee met the first element of showing an employment relationship other than one terminable at will.
As to the second element, the authority of the agent to bind the principal, our case law establishes that the employee can rely on either of the three normal types of authority: express, implied, or apparent. Alabama Mills, 237 Ala. at 300,186 So. at 703. In order to establish that an agent had apparent authority, the evidence must show that it was a customary practice in that particular business for the agent to bind the principal to a longstanding employment relationship, or that the agent had exercised such authority on prior occasions.Alabama Mills, 237 Ala. at 301, 186 So. at 703. Here, Lee failed to submit substantial evidence that would support an inference that Wise had authority to bind the City to such a long-standing obligation. There was no evidence of any express authorization given by appropriate City officials to Wise that permitted Wise to hire Lee on a "permanent" basis or for a period of Lee's choosing. Also, a reasonable person would not infer that Wise, as a Nuisance Abatement Department supervisor, had the implied authority to hire an employee on such a basis. Additionally, there was no evidence that it was a customary practice of the City to give Wise this type of authority, or that Wise, on prior occasions, had exercised such authority.
Finally, as to the third element, that there was substantial additional consideration for the contract separate and apart from the services to be rendered, prior case law shows two acceptable forms of such consideration: the employee's relinquishment of a prior claim against the employer, or the employee's relinquishment of prior "substantial"[8] employment with knowledge of such relinquishment by the employer. AlabamaMills, 237 Ala. at 299-300, 186 So. at 702; Scott v. Lane,409 So.2d 791, 794 (Ala. 1982). This record supports the trial court's determination that there was no evidence that Lee forfeited a prior claim against the City.
We conclude that the trial court properly entered the summary judgment in favor of the City. We conclude, after a carefulde novo review of the evidence, that Lee failed to substantiate two of the three elements of his cause of action.
Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
SHORES, HOUSTON and KENNEDY, JJ., concur.
HORNSBY, C.J., concurs in the result.
[1] An "equipment operator I," according to the City's official job description of that position, "operat[es], maint[ains], and use[s] heavy motor driven equipment in general construction and maintenance activities."
[2] Deposition testimony from Marion Wise revealed that the "Nuisance Abatement Department" cut grass, bushes, and weeds, and also destroyed dilapidated and condemned buildings.
[3] We note that Alabama has long recognized that a unilateral employment contract can be formed by an employee's performance and reliance upon an employer's offer of employment. See,Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725, 732 (Ala. 1987), and the cases discussed and cited therein.
In addition to Lee's implied contract theory, Lee's complaint included an "employment handbook" count. Since Hoffman-LaRoche, such a theory is viable in Alabama. However, this theory was not pressed on appeal, so we assume that it was voluntarily abandoned by Lee. Even if this theory was not abandoned, however, the City, in its brief, has established that it complied with all pertinent sections of the applicable handbook.
[4] "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Ala. Code 1975, § 12-21-12, West v. Founders LifeAssurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
[5] Lee submitted the same depositions offered by the City, along with the affidavits of Lee and Virgil Smith, a long-time City employee.
[6] "The general rule is that an employment contract at will may be terminated by either party with or without cause or justification. This means a good reason, a wrong reason, or no reason." Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130,1131 (Ala. 1977) (citations omitted) (emphasis added; other emphasis omitted).
[7] "Permanent employment" has been defined as "a continuous engagement to endure as long as the employer shall be engaged in business and have work for the employee to do and the latter shall perform the service satisfactorily." Bates v. Jim WalterResources, Inc., 418 So.2d 903, 906 (Ala. 1982); Alabama Mills,Inc. v. Smith, 237 Ala. 296, 299, 186 So. 699, 702 (1939).
[8] "Substantial" employment means employment other than that given by a charitable or public welfare agency which is designed "to serve [employ] those who are otherwise unemployed." Alabama Mills, 237 Ala. at 300, 186 So. at 702. *Page 1040