ON APPLICATION FOR REHEARING
This Court's opinion of November 25, 1992, is withdrawn and the following is substituted therefor.
Barry Udcoff and his wife Laura sued Steiner/Bressler Advertising, Inc., and its owners, A.C. Steiner and Harry Bressler, alleging fraud and breach of an employment contract. The trial court entered a summary judgment in favor of the defendants, and the Udcoffs appeal.[1]
A summary judgment is proper and must be affirmed on appeal if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Lee v. City of Gadsden, 592 So.2d 1036
(Ala. 1992).
The material facts of this case are undisputed. In 1987, Steiner/Bressler Advertising placed an advertisement in a trade magazine, seeking a creative director. Barry Udcoff, a resident of Chicago, Illinois, mailed a letter of interest and later met with A.C. Steiner and Harry Bressler in Birmingham. Both Steiner and Bressler were eager to hire Udcoff, who they thought was talented and well suited for the job. They explained to Udcoff that he would be their "partner" and that he would have complete control over the creative department. They also informed him that he would be expected to "shake up" the employees of the department and to deal with major accounts. After Udcoff returned to Chicago, Steiner telephoned him to formally offer him the position. Udcoff asked Steiner to put the terms of the offer in writing; Udcoff received a letter dated June 2, 1987, from Steiner/Bressler Advertising, which reads:
"Dear Barry and Laura,
 "First let us say how happy we are that you two have decided to join us. We felt good about you from letter 'A' and your decision only shows how smart we both are!
"Anyway, let's talk about the deal:
"Salary: $75,000 a year
 "Profit Sharing: Hopefully beginning June 1 "Automobile: Provided, including gas and insurance "Medical Insurance: Our standard package "Title: How does Senior V.P. Creative Director sound? "Expenses: Whatever is reasonable "Equity: 10% to be purchased at the end of the first year, 10% more at the end of the second year at book value. To be a one-third or one-half partner in three to five years.
"Moving expenses: Reimbursed
"What does all this mean?
 "All of these terms and conditions are swell, but what really determines our collective fate is how well we work together, the business we can generate, and the fun we can have.
"We are confident that it will all happen." *Page 438 
After he received the letter, Udcoff telephoned Steiner to discuss the terms further. He asked Steiner to explain the meaning of the last paragraph, and Steiner replied that it meant the amount of money the agency made would depend on how much business they could generate. Udcoff accepted the job, then relocated from Chicago to Birmingham, bought a house, and enrolled his three children in Birmingham schools.
It is undisputed that from the outset of his employment with Steiner/Bressler Advertising, Udcoff did not meet the expectations it had of him. He was disliked by both the agency employees and the agency's major client. That client refused to work with Udcoff, and employee morale in the agency copy department plummeted. When the situation did not improve after Udcoff had been working about four months, Steiner and Bressler fired him.
In their motion for summary judgment, Steiner and Bressler argued, as to the contract claim, that Udcoff was an employee-at-will with the agency and was thus subject to being fired at any time. They relied on the rule that an employer must show cause for terminating an employee only if the contract is for lifetime employment or for employment for a specific period. Selby v. Quartrol Corp., 514 So.2d 1294
(Ala. 1987). Without a clear and unequivocal offer of employment for a specific time or for the employee's lifetime, the contract is merely for at-will employment; such employment may be terminated at the pleasure of the employer, with or without justification. Selby.
Udcoff argues on appeal that he was not an employee-at-will, but, rather, was promised a partnership and "equity" in the agency. To support his argument, Udcoff relies on Shirley v.Lin, 548 So.2d 1329 (Ala. 1989). There, a medical professional association sent a letter offering the plaintiff, a doctor, a position with the medical practice after the parties had negotiated the terms of employment. The letter set out in detail a graduated scale of compensation that the employee would earn over a five-year period, as well as the exact amount that he would pay as equity into the practice. After reviewing the lengthy document, this Court determined that the letter unambiguously offered the doctor a position for five years, without any indication that he could be terminated before that time.
In this case, there was no formal written contract for employment, except the June 2 letter from Steiner/Bressler Advertising to Udcoff. Unlike the letter of employment inShirley, the letter to Udcoff does not unambiguously state any duration of employment, nor does it outline any specific plan of graduated compensation. The letter does show that Steiner and Bressler offered Udcoff a number of benefits, including theopportunity to obtain "equity," i.e., to buy stock in the agency, over the course of several years and to eventually become a "partner." The letter did not unconditionally promise Udcoff any of those listed benefits; on the contrary, it clearly stated that the terms and conditions of Udcoff's employment were contingent on how well Udcoff could perform in his position as creative director, how much business he could generate, and how much "fun" it was to work with him. The letter did not constitute an unequivocal contract for a specific period of employment; thus, Udcoff was an at-will employee of Steiner/Bressler Advertising. Because Steiner/Bressler Advertising could discharge Udcoff at any time and for any purpose, the trial court properly held that the defendants were entitled to a judgment as a matter of law on the breach of contract claim.
Udcoff next argues that the trial court erred in entering the summary judgment on the fraud claim. He claims that he would never have accepted the position with Steiner/Bressler Advertising if he had known the job was contingent upon his ability to obtain the approval of the agency's major client. He also claims that in the June 2 letter Steiner and Bressler fraudulently promised him continued employment and stock options. The essential elements of a fraud claim are: (1) misrepresentation of a material fact (2) made willfully *Page 439 
to deceive or recklessly without knowledge (3) which was justifiably relied upon by the plaintiff under the circumstances and (4) which caused damage as a proximate result. Ramsay Health Care v. Follmer, 560 So.2d 746
(Ala. 1990). In a fraud claim based on an alleged promise to perform an action in the future, the plaintiff must show that at the time the promise was made the promisor had no intention of carrying out the promise but, rather, had a present intent to deceive. Purcell Co. v. Spriggs Enterprises, Inc.,431 So.2d 515 (Ala. 1983). If such an intent is not substantiated by the evidence, the fraud claim should not be submitted to the jury; the failure to perform is not alone evidence of intent not to perform at the time the promise was made. Purcell.
Udcoff presented no substantial evidence that Steiner or Bressler had any intent to renege on their promise to employ Udcoff or any intent not to abide by the terms contained in the June 2 letter. On the contrary, the record shows that both men fully planned to employ and to compensate Udcoff in relation to how much business was generated and how well everyone worked together. The evidence indicates that it was only after Udcoff failed to please the agency's major client or his co-workers that Bressler and Steiner displayed any intent to terminate Udcoff's employment. Because Udcoff failed to meet this burden of proof, summary judgment on this issue is affirmed.
The summary judgment is hereby affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.
[1] Although Laura Udcoff is named as a plaintiff and is a party to this appeal, she does not allege that the defendants offered her employment or that the defendants made misrepresentations to her.