CRAWLEY,
dissenting.
I respectfully dissent from the reversal of the summary judgment for the civic center. Judge Monroe finds that the civic center “failed to carry its burden of proving that there is no genuine issue of material fact.” 716 So.2d at 1185. I disagree.
The civic center argues on appeal, as it did in its motion for summary judgment, that it is not an incorporated entity separate and distinct from the City of Huntsville. The civic center attached the ordinance creating it to its motion for summary judgment. That ordinance states that the Von Braun Civic Center Board of Control (the “Board”) was created for the purpose of maintaining and operating the civic center. Under the ordinance, the Board is given the power to, among other things, conduct the business of the civic center by making by-laws, executing contracts, and arranging exhibits, conventions, and other activities in the civic center; however, the ordinance distinctly limits the Board’s power to obligate the City beyond the amount appropriated in the City budget by the City Council.
Turner argued in his statement in opposition to the summary judgment motion that the Board is performing its municipal function separately from the municipality. However, nothing is attached to that statement.
Judge Monroe states that nothing in the record “gives any indication as to whether the board was or was not incorporated or was otherwise an entity separate from the City of Huntsville.” 716 So.2d at 1185. From this apparent lack of proof, he concludes that the civic center has not met its burden and was not entitled to a summary judgment.
“The party moving for a summary judgment must make a prima facie showing that there are no genuine issues of material fact and that [it] is entitled to a judgment as a matter of law. If this showing is made, the burden then shifts to the non-movant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ”
Lee v. City of Gadsden, 592 So.2d 1036, 1037 (Ala.1992) (citation omitted) (footnote omitted); see also Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 798 (Ala.1989)(“[I]f the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden ... shifts to the nonmovant.”). Rule 56(c)(1), Ala.R.Civ. P., states: “If the opposing party contends that material facts are in dispute, that party shall file and serve a statement in opposition supported in the same manner as is provided herein for a summary of undisputed material facts.”
The civic center made its showing that it is an entity created by an ordinance, not by incorporation, and that it is controlled by the City. The burden then shifted to Turner, who had to rebut, with substantial evidence, the civic center’s showing that it is not an incorporated entity. He produced no evi *1186 dence that the civic center is incorporated. Therefore, I would affirm the summary judgment.
YATES, J., concurs.