In September 1997, J.L. Purcell sued Alfa Mutual Insurance Company for uninsured/underinsured-motorist benefits. Alfa filed a motion for summary judgment, which the trial court initially denied. Upon Alfa's request to reconsider the denial, the trial court granted the summary-judgment motion. Purcell appealed the summary judgment to the supreme court, which transferred the case to this court, pursuant to Ala. Code 1975, §12-2-7(6). *Page 764 
We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c); seeLee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala. 1992). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee, 592 So.2d at 1038. "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989);see Ala. Code 1975, § 12-21-12(d). See Ex parte General MotorsCorp., 769 So.2d 903 (Ala. 1999); West, 547 So.2d at 871, and Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989), for further discussion of the application of the summary-judgment standard.
Purcell accompanied his son Steve to an automobile race at the Kennedy racetrack in Kennedy, Alabama. Steve was driving a car in the race, and Purcell watched the race from the pit area. Another car in the race struck Purcell while he was watching the race. Purcell sought underinsured/uninsured-motorist benefits from Alfa, his automobile insurer. Alfa denied the claim, and Purcell sued.
Alfa denied the claim on the basis that the car that struck Purcell was not a "car" as that term is defined in the policy. Alfa made that argument in its summary-judgment motion as well. The policy defines "car" as follows:
 "Car — means a land motor vehicle with four or more wheels, which is designed for use mainly on public roads. It does not include;
 "1. Any vehicle while located for use as a dwelling or other premises, or
"2. A truck-tractor designed to pull a trailer or semi-trailer, or
 "3. A `midget car,' `go-kart' or similar type vehicle with comparable names."
(Emphasis in original.) Purcell argues that he presented substantial evidence indicating that the car that struck him was "designed for use
mainly on public roads." Alfa also argued in its motion that Purcell had not conducted a reasonable investigation to determine the identity of the driver or the owner of the car that struck him. The trial court relied on the policy's definition of "car" in its summary judgment. We conclude that Purcell did not conduct a reasonable investigation. We can affirm a summary judgment on any ground even if the trial court based its judgment on another ground. Lowe v. East End Mem. Hosp. Health Ctrs.,477 So.2d 339 (Ala. 1985).
The insured, here Purcell, has the burden of proving that the alleged tortfeasor and/or the owner of the vehicle the alleged tortfeasor was driving is uninsured. Motors Ins. Corp. v. Williams, 576 So.2d 218 (Ala. 1991). If an insured claiming uninsured-motorist benefits has used "reasonable diligence to ascertain [whether the alleged tortfeasor was uninsured] and such information was unobtainable," then the burden shifts to the insurer to prove that the alleged tortfeasor was insured. Ogle v.Long, 551 So.2d 914 (Ala. 1989). We conclude that the evidence would require a finding that Purcell did not employ "reasonable diligence." Therefore, we *Page 765 
conclude that the burden did not shift to Alfa to prove the alleged tortfeasor was insured.
Purcell testified that because of the injuries he suffered when struck by the car, he has no memory of the accident. Purcell's son Steve was driving another car in the race. Steve testified that the race was stopped after his father was hit. Steve testified that he saw the car that hit his father tangled in the fence. Steve described the car as a yellow Ford Mustang. Steve testified that when he inquired about the identity of the driver, the only thing he discovered was that the driver of the car was called "T-bone." Steve further testified that the race continued once the paramedics left the racetrack with his father.
Purcell submitted the affidavit of Earl Sharp, an investigator at the law firm representing Purcell. Sharp stated in the affidavit:
 "I was requested to perform an investigation in this case for the purpose of determining the identity of the driver responsible for the injuries to Mr. Purcell. I have spent numerous hours in this effort since March 10, 1997. In my investigations, I have talked with various individuals including Stuart Propst, Jerry Boyd, Mr. and Mrs. Neil Boyd and Caroline Spiegles. I have also talked with Fred Savage with the South Lamar Rescue Squad, who responded to the accident. My conversations with these individuals was in an attempt to locate and identify the driver of the car involved in the accident made the basis of this lawsuit and determine the existence of liability insurance coverage. I have had no success in finding that driver. It is my understanding from conversations with these people . . . that the driver was a young new driver and that this was possibly his first race at the race track. I spoke with Jerry Boyd, who is a technical inspector at the county race track and a flagman at some of the races. Mr. Boyd does not know the identity of the driver and/or of the automobile that hit Mr. Purcell."
Sharp's affidavit names five persons with whom he had discussed the accident in an effort to learn the identity of the driver. Only one of them, Jerry Boyd, is mentioned elsewhere in the record. Sharp's affidavit does not relate the significance of the other four persons with whom he discussed the accident, i.e., whether they were witnesses to the accident or were officials at the Kennedy racetrack. Furthermore, Sharp's affidavit does not refer to any of the information Steve Purcell testified to in his deposition regarding the identity of the driver as "T-bone."
In Ogle v. Long, 551 So.2d 914 (Ala. 1989), the supreme court held that the insureds, claiming uninsured-motorist benefits, had not satisfied the burden of exercising "reasonable diligence" to discover whether the alleged tortfeasor had insurance. In that case, the insureds filed a complaint against the alleged tortfeasor; the alleged tortfeasor failed to answer the complaint, and a default judgment was entered against the alleged tortfeasor. In Motors Insurance Corp. v. Williams, 576 So.2d 218
(Ala. 1991), the supreme court held that the insured did satisfy her burden. In Williams, the insured relied on information the alleged tortfeasor had given the police at the accident scene. The alleged tortfeasor was not located at the address listed in the accident report, and another address for the alleged tortfeasor discovered during the investigation was also not correct.
We conclude that Alfa was entitled to have its summary-judgment motion granted on the ground that Purcell had not exercised "reasonable diligence" in investigating whether the vehicle and/or the driver *Page 766 
that hit him were uninsured. The record contains no evidence indicating that Sharp, the investigator for Purcell's law firm, investigated the information provided in Steve Purcell's deposition, which provided at least a nickname for the driver of the car that struck Purcell. The record also contains no discovery requests made by Purcell to the officials or employees of the Kennedy racetrack for information regarding the identity of the contestants or the cars in the race; moreover, the record does not indicate that such information was not available.
We affirm the summary judgment for Alfa.
AFFIRMED.
THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
YATES, P.J., dissents.