CRAWLEY, Judge.
In November 1997, New Holland Credit Company sued Dunford L. Weaver d/b/a D & B Timber Company, in the Cherokee Circuit Court, alleging breach of contract — specifically a breach of an equipment lease — and seeking possession of a “feller buncher” and a “saw head.” New Holland filed a summary-judgment motion, which the Cherokee Circuit Court granted as to its claim for possession of the feller buncher and saw head. The Cherokee Circuit Court transferred the breach-of-contract claim to the Washington Circuit Court (the “trial court”). Weaver filed a counterclaim, alleging breach Of contract, fraudulent misrepresentation, fraudulent suppression, and breach-of-fiduciary duty. New Holland filed a summary-judgment motion as to its breach-of-contract claim and as to Weaver’s claims. The trial court entered a summary judgment for New Holland on its claim and on all of Weaver’s claims. Weaver appealed to the supreme court, which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Weaver argues that the trial court erred by entering the summary judgment on New Holland’s claim and on his claims. We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts *1267 to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038. “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d). See Ex parte General Motors Corp., 769 So.2d 903 (Ala.1999); West, 547 So.2d at 871, and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for further discussion of the application of the summary-judgment standard.
Weaver d/b/a D & B Timber Company leased a feller buncher and a saw head from Cotton-Hutcheson, Inc., to use in his timber business. Cotton-Hutcheson assigned the lease to New Holland. The lease provided for a 48-month term with an advance payment of $6,987.52 and 46 payments of $3,493.76 per month, for a total amount paid during the lease term of $167,700.48. The lease also provided:
“2. Rental. During the Lease Term, [Weaver] shall pay to [New Holland] the total rentals specified above, together with a delinquency charge on each periodic rental installment in default for ten days or more in the amount of 2% of such rental installment or $5, whichever is greater, not to exceed the maximum amount permitted by law, plus all expenses incurred by [New Holland] in effecting collection hereunder. The advance rental payment shall be payable upon the execution hereof and subsequent periodic rentals shall be payable in advance on the day and at the intervals indicated above.
[[Image here]]
“7. Termination.
[[Image here]]
“b. By [New Holland], [New Holland] may terminate this lease at any time with respect to all or any item of Equipment upon the occurrence of any of the following events of default:
... (ii) Failure of [Weaver] to pay any rental or other payment required hereunder.... Upon any such termination of this lease by [New Holland] for [Weaver’s] default [New Holland] may sell the Equipment or any item thereof, if the Equipment has not been stolen or totally destroyed, at public or private sale. The amount of any sales proceeds and/or insurance proceeds (after first deducting the costs of retaking, holding, preparing for sale and selling the Equipment including attorney fees and legal expenses, as permitted by law) received by [New Holland], shall be credited against (1) the amount of rentals and other payments remaining due under this lease as of the date of the sale of the Equipment, or the date of the theft or total destruction of the Equipment, plus (2) the amount of the residual value used to determine the rental payments under the lease.”
The lease was executed on October 27, 1995. The record indicates that Weaver became delinquent on the lease as early as November 1996. In November 1997, Weaver informed New Holland that the equipment had been stolen. The equipment was found in Cherokee County, and New Holland thereafter filed its action alleging breach-of-contract and seeking possession of the equipment.

I. New Holland’s Breach-of-Contract Claim

Weaver argues that the trial court erred by entering the summary judgment for New Holland on New Holland’s breach-of-contract claim. The elements of a breach-of-contract claim are: “(1) the *1268 existence of a valid contract binding the parties in the action, (2) [New Holland’s] own performance under the contract, (3) [Weaver’s] nonperformance, and (4) damages.” Southern Med. Health Sys., Inc. v. Vaughn, 669 So.2d 98, 99 (Ala.1995).
Weaver first argues that it did not breach the contract. We disagree. The evidence is undisputed that Weaver became delinquent on the lease as early as November 1996 and that he was delinquent when the equipment was stolen. The lease specifically provided that New Holland could terminate the lease upon Weaver’s failure to make a rental payment. When New Holland instituted its action to recover possession of the equipment, Weaver was delinquent on payments owed pursuant to the lease. According to the terms of the lease, Weaver had breached the payment terms of the lease, and that breach gave rise to New Holland’s right to repossess the equipment.
Weaver next argues that issues of fact remain as to the amount of the deficiency balance, if any, it owes to New Holland for breaching the lease. In other words, Weaver argues that disputed issues of fact as to the amount of New Holland’s damages precludes a summary judgment for New Holland on its breach-of-contract claim. The trial court’s summary judgment awarded New Holland $79,301.50 for the deficiency balance owed by Weaver and $11,895.22 in attorney fees.
Weaver first argues that the deficiency balance is incorrect because a $12,355.87 refund of insurance premiums he paid on the equipment should have been credited. In fact, the trial court’s judgment specifically orders that the insurance proceeds are awarded to New Holland and that the insurance proceeds will be credited toward the deficiency balance owed by Weaver. Therefore, this issue has already been resolved by the trial court in favor of Weaver.
Weaver next argues that substantial evidence suggests the deficiency balance is not $79,301.50. Weaver emphasizes the fact that Jeff Hoelscher, an employee of New Holland, stated in an affidavit dated April 1, 1998, that Weaver owed New Holland $102,747.29 on the lease. This amount does not reflect the sale of the equipment made on November 25, 1998, for $42,750. Hoelscher testified in his deposition of May 18, 2000, that Weaver owed New Holland $70,435.77 on the lease. Hoelscher stated in another affidavit dated January 11, 2000, that Weaver owed New Holland $79,301.50.
Weaver argues that it appears Hoelscher gave inconsistent testimony as to the amount due under the lease, comparing the May 18, 2000, deposition with the January 11, 2000, affidavit. Weaver contends that this “inconsistency” amounts to a disputed issue of fact that precludes a summary judgment for New Holland. New Holland contends that Hoelscher explained the inconsistency between his affidavit and his deposition testimony. After reviewing Hoelscher’s deposition testimony, we conclude that Hoelscher did not explain the inconsistency between his affidavit and his deposition testimony. In fact, in the deposition Hoelscher reaffirmed his conclusion that Weaver owes $70,435.77 on the lease. We conclude that a genuine issue of material fact remains as to the amount Weaver owes on the lease, that is, an issue of fact remains as to the amount of New Holland’s damages. Therefore, we further conclude that the trial court erred by entering the summary judgment for New Holland on its breach-of-contract claim, because issues of fact remain as to the amount of damages.

II. Weaver’s Claims

Weaver counterclaimed, alleging breach of contract, fraudulent misrepre *1269 sentation, fraudulent suppression, and breach-of-fiduciary duty. He argues that New Holland breached the contract by charging improper late fees. The evidence is undisputed that New Holland did not charge late fees that violated the contract. Because no issue of fact remains as to whether New Holland breached the contract, the trial court properly entered the summary judgment for New Holland on Weaver’s breach-of-contract claim.
Weaver also bases his fraudulent-misrepresentation, fraudulent-suppression, and breach-of-fíduciary-duty claims on his allegation that New Holland charged late fees in violation of the contract. Because the evidence is undisputed that New Holland did not charge late fees in violation of the contract, the trial court properly entered the summary judgment for New Holland on these claims as well. The evidence is undisputed that no misrepresentation, suppression, or breach of fiduciary duty ever occurred.

III. Conclusion

We affirm the summary judgment on Weaver’s breach-of-contract, fraudulent-misrepresentation, fraudulent-suppression, and breaeh-of-fidueiary-duty claims. We reverse the summary judgment on New Holland’s breach-of-contract claim because a disputed issue of material fact remains as to the amount of damages New Holland is entitled to as a result of Weaver’s breach of the contract. The case is remanded for proceedings on the breach-of-contract claim consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ„ concur.