[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 966 
Fannie Harwell appeals from a summary judgment entered in favor of David Zimmerman ("the attorney") on her claims filed pursuant to the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala. Code 1975. Specifically, Harwell complains that the trial court improperly entered a summary judgment in favor of the attorney on the legal-malpractice count in her complaint, which incorporated claims of fraud, libel, and slander. We affirm in part and reverse in part.
On or about February 2, 2001, the attorney drafted the articles of organization for Only's Sports Bar and Grill, L.L.C. (hereinafter "the L.L.C." or "the business"). Kimyatta Moss and Harwell were the sole members listed in the articles of organization for the L.L.C. It is undisputed that the attorney did not prepare an operating agreement for the L.L.C.[1] In actuality, there were two other individuals with an ownership interest in the L.L.C.: Jerome Morris ("Romeo"), Moss's boyfriend or common-law husband, and Donald Jiskoot. Additionally, it is undisputed that Moss prepared a document that the attorney typed that set forth each of the four owners' interests in the L.L.C. According to the document, Moss owned 29%, Romeo owned 28%, Harwell owned 28%, and Jiskoot owned 15% of the L.L.C.
It is undisputed that, after the L.L.C. was established, Harwell and the attorney spoke regarding a copy machine that the attorney was going to give to the L.L.C. Harwell also claims that the attorney inquired as to whether the L.L.C. was screening and investigating its employees. The attorney testified upon deposition that he did not recall that conversation taking place.
Harwell testified that she assumed that the attorney was the attorney for the L.L.C. because he had incorporated the entity. Additionally, she testified that she assumed that the attorney represented Moss and her individually as well. She admitted that she knew that the attorney had represented Moss and Romeo previously regarding unrelated matters.
The record reflects that there was a falling out among the owners of the L.L.C. in May 2001. It is undisputed that Harwell stopped participating in the daily operations of the business. Harwell did not work at all in June 2001. Harwell also admitted that she had voluntarily left the business in May 2001 and that the attorney could not have prevented the business from failing.
It is undisputed that in July 2001 the attorney wrote a letter to the Alcohol Beverage Control Board ("the ABC Board"). The letter, written on behalf of the L.L.C., Moss, and Romeo, stated that Harwell was under investigation for conversion. The attorney based this letter on a police report filed by Moss alleging that Harwell had forged Moss's signature on several checks.
In November 2001 Harwell and Jiskoot filed an action against Moss and Romeo. The complaint contained 37 counts including, among other things, claims alleging breach of contract, conversion, fraud, and civil conspiracy. Essentially, the complaint *Page 967 
sought damages for the failure of the business. Moss and Romeo failed to appear or answer. Harwell obtained a default judgment against Moss and Romeo.
On January 21, 2003, Harwell filed a complaint containing eight counts against the attorney. The first three counts alleged fraud; the fourth count alleged libel; the fifth alleged slander; the sixth alleged legal malpractice; the seventh alleged civil conspiracy; and the eighth alleged the tort of outrage. The trial court dismissed all the counts of the complaint except Count 6, which specifically alleged legal malpractice. The sixth count, as set out in Harwell's complaint, reads, in part, as follows:
"COUNT 6
"MALPRACTICE
 "36) Plaintiff Harwell hereby incorporates numbers 1-35 as if fully set out herein."
Thus, in Count 6, Harwell incorporates the first five counts of her complaint, which appear in "numbers 1-35" of her complaint, into her claim alleging legal malpractice. Those counts are the counts alleging fraud, libel, and slander. However, the seventh and eighth counts, which allege civil conspiracy and the tort of outrage, are not incorporated into the legal-malpractice count.[2]
Section 6-5-573, Ala. Code 1975, creates one form of action against legal-service providers. That section provides: "There shall be only one form and cause of action against legal service providers in courts in the State of Alabama and it shall be known as the legal service liability action and shall have the meaning as defined herein." Section 6-5-572(1), Ala. Code 1975, defines a legal service liability action as:
 "Any action against a legal service provider in which it is alleged that some injury or damage was caused in whole or in part by the legal service provider's violation of the standard of care applicable to a legal service provider. A legal service liability action embraces all claims for injuries or damages or wrongful death whether in contract or in tort and whether based on an intentional or unintentional act or omission. A legal services liability action embraces any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future."
An underlying action is defined as follows:
 "The term underlying action refers to the legal matter concerning the handling of which it is alleged that the legal services provider breached the applicable standard of care. The term is applicable in legal service liability actions in which the legal service provider's liability is dependent in part upon or derived from the legal service provider's acts or omissions concerning the handling of the underlying action."
§ 6-5-572(5), Ala. Code 1975.
On February 5, 2004, the attorney moved for a summary judgment on Harwell's legal-malpractice count and filed a brief in support of his motion. Harwell filed a brief in opposition to the motion for a summary judgment. Attached to her brief was an affidavit from a legal-malpractice expert. On March 1, 2004, the attorney filed an additional submission in support of his motion for a summary judgment; that submission attacked the sufficiency *Page 968 
of the affidavit prepared by Harwell's expert. On March 2, 2004, the trial court heard argument on the attorney's motion for a summary judgment. The trial court entered a summary judgment in favor of the attorney on March 4, 2004. Harwell filed a Rule 59, Ala. R. Civ. P., motion in response to the summary judgment. The trial court denied Harwell's motion on May 3, 2004. Harwell timely appealed the summary judgment; on appeal, the attorney has moved to strike the affidavit of Harwell's expert. This case was transferred to this court by the supreme court, pursuant to §12-2-7(6), Ala. Code 1975.
The grant or denial of a motion for a summary judgment is reviewed de novo. Lee v. Burdette, 715 So.2d 804, 806
(Ala.Civ.App. 1998). A motion for a summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to a summary judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The party moving for a summary judgment must make a prima facie showing that there is no genuine issue of material fact and that it is entitled a judgment as a matter of law. Lee v. City of Gadsden, 592 So.2d 1036,1038 (Ala. 1992). If the moving party meets its burden, then the burden shifts to the nonmoving party. The nonmoving party must then rebut the prima facie showing by substantial evidence. Id.
"[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). The court reviews the record in a light most favorable to the nonmovant and resolves all reasonable doubts against the movant. Sessions v. Espy, 854 So.2d 515, 521
(Ala. 2002).
In her first fraud count, which has not been addressed by the parties on appeal, Harwell averred that the attorney misrepresented the fact that he was an attorney capable of filing the articles of organization for the L.L.C. However, the record reflects that it is undisputed that the attorney did, in fact, draft and file the articles of organization for the L.L.C. Therefore, summary judgment as to this count was proper because the attorney made a prima facie showing that there was no genuine issue of material fact regarding the alleged misrepresentation. Because there is no genuine issue of material fact and because it is undisputed that there was no misrepresentation regarding the attorney's ability to file the articles of organization for the L.L.C., the attorney was entitled to a judgment as a matter of law. Lee v. City of Gadsden, 592 So.2d at 1038.
As to the second and third fraud counts that were incorporated into the legal-malpractice count, the entry of a summary judgment was also proper. The second fraud count simply and generally alleged that the attorney "failed to disclose material information pertinent to [Harwell], her partner [Moss] and to their two silent partners [Romeo and Jiskoot]." In that count, Harwell also alleged that she was induced to act by the alleged failure to disclose and requested damages for lost wages and income as well as for lost profits. In his motion for a summary judgment and in his brief in support thereof, the attorney argued that Harwell had recovered damages resulting from the failure of the business in her action against Moss and Romeo. Additionally, and more importantly, Harwell admitted that the attorney had not caused the business to fail. Therefore, because Harwell admits that there is no proximate cause, the attorney made a prima facie showing that there was no genuine issue of material fact and that he was entitled to a summary judgment as *Page 969 
a matter of law. Lee v. City of Gadsden, 592 So.2d at 1038.
As to the third fraud count, Harwell asserted that the attorney concealed the fact that there was no operating agreement, and she requested the same damages as she had requested as to the second fraud count. It is undisputed that the attorney had no duty to prepare the operating agreement. The third fraud count also alleges that the attorney failed to communicate to Harwell that Moss and Romeo were the attorney's former clients. Harwell admitted that she knew that the attorney had previously represented Moss and Romeo and that Moss had informed Harwell of that fact before Harwell signed the articles of organization for the L.L.C. Even if the attorney did have a duty to disclose the a potential conflict of interest, Harwell admitted the damages she sought in relation to this count were not caused by the attorney. Therefore, the attorney made a prima facie showing that there was no genuine issue of material fact and that he was entitled to a judgment as a matter of law. Lee v. City of Gadsden,592 So.2d at 1038.
However, the trial court improperly entered a summary judgment as to Harwell's libel and slander claims incorporated in Harwell's legal-malpractice count. Indeed, although the letter written by the attorney to the ABC Board, on which Harwell's libel and slander claims are based, is referenced in the attorney's motion for a summary judgment, the attorney failed to make a prima facie showing that no genuine issue of material fact existed as to the libel or slander claims. Therefore, the trial court erred in entering the summary judgment in favor of the attorney on the libel and slander claims incorporated in the legal-malpractice count.
A close reading of the attorney's motion for a summary judgment and the submissions in support of his motion for a summary judgment reveal that the attorney did not even move for a summary judgment on the libel or slander claims incorporated in Harwell's legal-malpractice count. Although the attorney mentions the letter to the ABC Board in his motion for a summary judgment, the motion and the submissions in support of the motion do not allege or establish that there is no genuine issue of material fact regarding Harwell's libel claim. Additionally, the attorney's motion and the submissions in support of the motion completely fail to address Harwell's slander claim. As a result, the trial court erred by entering a summary judgment on that claim.
At the March 2, 2004, hearing on the summary-judgment motion, the attorney's counsel asserted the affirmative defense that the published statement of which Harwell complained — i.e., the statement in the attorney's letter to the ABC Board that Harwell was under investigation for conversion — was truthful. Additionally, counsel for the attorney argued that the only evidence presented regarding the statement was the Montgomery Police Department offense report, which indicated that Harwell had been accused of forging Moss's name on several checks. At the summary-judgment hearing, Harwell argued that the totality of the circumstances demonstrated by the evidence indicates that the statement is not true. Resolving all reasonable doubts in favor of Harwell, we reverse the summary judgment as to Harwell's libel claim because there are factual issues regarding, among other things, the truth of the statement.
In the trial court and in his brief on appeal, the attorney asserts that the affidavit of Harwell's expert is insufficient and should be stricken. The attorney had the record on appeal supplemented to include *Page 970 
two motions to strike the affidavit of Harwell's expert that the attorney had filed in the trial court. However, because the attorney never moved for a summary judgment and never made a prima facie showing that there was no genuine issue of material fact regarding the libel and slander claims, Harwell was not required to produce an expert affidavit. Bodana v. Howie,638 So.2d 749, 749 (Ala. 1992) ("For a plaintiff in a legal malpractice action to defeat a motion for summary judgment filed by the attorney and supported by an expert's affidavit, the plaintiff must `come forward with expert testimony to show negligence on the part of the attorney.'" (quoting Phillips v.Alonzo, 435 So.2d 1266, 1267 (Ala. 1983))).
The attorney himself filed an affidavit attached to his brief in support of his motion for a summary judgment. However, that affidavit only dealt with the standard of care in relation to the preparation of an operating agreement.[3] The attorney's affidavit provided, in pertinent part:
 "4. In my opinion, as a practicing attorney in the state of Alabama, I did not breach any standard of care in preparing what I was asked to prepare, the Articles of Organization. Further, in my opinion, as an attorney licensed to practice in the State of Alabama, it is not a breach of the standard of care for Legal Service Providers to create the Articles of Organization for an LLC without creating an operat[ing] agreement, particularly when members of the LLC do not retain the Legal Service Provider to create an operat[ing] agreement."
Because the attorney did not make a prima facie showing that there was no genuine issue of material fact regarding the libel or slander claims, the trial court improperly entered a summary judgment for the attorney as to those claims and Harwell was not required to provide an expert affidavit. See Bodana v. Howie, supra. Additionally, because Harwell was not required to provide an expert affidavit regarding her libel and slander claims, the trial court did not err in failing to strike the affidavit of Harwell's expert and the attorney's motion to strike the affidavit on appeal is irrelevant to the issues at hand and, therefore, is denied.
MOTION TO STRIKE DENIED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MURDOCK, J., concurs.
PITTMAN, J., concurs in the result, without writing.
THOMPSON and BRYAN, JJ., dissent, without writing.
[1] Harwell conceded in the trial court and in her brief on appeal that the failure to prepare an operating agreement was not a breach of the standard of care.
[2] Because those counts are not incorporated into the legal-malpractice count and because Harwell does not appeal the dismissal of those counts, they are not addressed in this opinion.
[3] See note 1, supra.