This is a workmen's compensation case.
Plaintiff filed a workmen's compensation action against defendant claiming compensation for a permanent back injury sustained while employed by defendant in Illinois. Defendant moved for summary judgment alleging a compromise and a settlement of plaintiff's claim in Illinois approved by the Illinois Industrial Commission. Plaintiff answered claiming mutual mistake and filed affidavit stating that the settlement was entered into after statement by a physician that he had suffered a back sprain with no expected permanent injury and that recovery should be had in four to six weeks. He subsequently learned that he had suffered disc injury which necessitated surgery. As a result he has a permanent partial disability of the back. Plaintiff was represented by counsel in making the settlement. Their terms of the settlement were:
 Six weeks temporary total $ 972.00 15% of leg — 30 weeks 4,860.00 Medical 350.00 ---------- $6,182.00
A fee of $1,236.00 was awarded plaintiff's counsel.
Upon considering the motion, the trial court entered summary judgment in favor of defendant.
After setting out the settlement agreement hac verba, the learned trial judge said in his judgment the reply and affidavit of plaintiff failed to raise a genuine issue of fact with regard to the settlement and release. In an appeal from the granting of a summary judgment, that is the only issue — whether after considering pleadings and affidavits before the court there remains any genuine issue of material fact to be determined and the moving party is entitled to judgment as a matter of law. Folmar v. Montgomery Fair Co., 293 Ala. 686,309 So.2d 818 (1975).
We see no purpose in setting out in full the terms of the settlement and release. It is sufficient to say that it fully covers all of the legal phraseology necessary to a complete release of a claim for damages in tort. It also provides that it must be approved by the Illinois Industrial Commission. If this were an ordinary claim in tort there would be little room for argument as to its finality *Page 400 
However, this is not a tort claim arising from common law, but a workmen's compensation claim arising from and controlled by statute. Therefore, we must look to the Workmen's Compensation Act for guidance.
Section 25-5-35 (e), Code of Alabama (1975) provides that the payment or award of benefits under the law of another state is no bar to an action in Alabama if brought within the statute of limitations. As defendant raised no defense that plaintiff was not properly before the court, we assume it concedes the application of the Alabama Workmen's Compensation Act. Therefore, we look further to the Alabama act as to settlements.
Section 25-5-56 is headed "Settlements between parties." It says, as pertinent, the following:
 "The interested parties shall have the right to settle all matters of compensation and all questions arising under this article between themselves, and every settlement made under this article shall be in amount the same as the amounts or benefits stipulated in this article. No settlement for an amount less than the amounts or benefits stipulated in this article shall be valid for any purpose, unless a judge of the circuit court . . . determines that is for the best interest of the employee . . . to accept a lesser sum and approves such settlement . . ."
Section 25-5-56 clearly removed settlement of workmen's compensation claims from the ambit of the principles applicable to the settlement and release of ordinary personal injury claims.
Defendant in his motion for summary judgment has relied on the principles of contract applicable to settlement and release. A workmen's compensation claim may not be settled and released in that way. Tennessee Coal, Iron R.R. v. King,26 Ala. App. 581, 164 So. 757 (1935). Assuming arguendo that the approval of the settlement by the Illinois Industrial Commission renders the settlement valid under Illinois law,[1]
such does not bar the bringing of this action in Alabama under Section 25-5-35. That section is clear to the effect that in spite of award of benefits by another state, a claimant subject to the Alabama act may still bring his action here to determine his right to and amount of benefits due under Alabama law. If an award of benefits in Illinois is no bar to an action in Alabama, it can only logically follow that a settlement in Illinois can be no bar to an action in Alabama.
As we understand the statutes, there is at least a right of action in plaintiff on his claim in Alabama to determine if the payment in Illinois was less than what he would have recovered in Alabama. Summary judgment was erroneously granted.
We further are not satisfied that the settlement and release could not be set aside on the basis of mutual mistake which issue of fact was substantially presented by plaintiff's affidavit. Though we know of no Alabama precedent in workmen's compensation cases, settlements in such cases have been refused effect by courts in other states on the ground of mutual mistake of material fact. Mattson v. Abate, 279 Minn. 287,156 N.W.2d 738 (1968); Linton v. Mauer-Neuer Meat Packers, 71 N.M. 305, 378 P.2d 126 (1963). The latter case is particularly appropriate in this case.
Defendant has relied on the law of settlement and release espoused by the cases of Alabama By-Products Corp. v. Kennedy,228 Ala. 410, 153 So.2d 862 (1934), and Miles v. Barrett,223 Ala. 293, 134 So. 661 (1931). We believe the case of Central ofGa. Ry. v. Ramsey, 275 Ala. 7, 151 So.2d 725 (1962) effectively overrules the principle of those cases and establishes the general rule in Alabama that a mutual mistake of material fact at the time of signing of a release is ground for rescission. We believe also that the statements and holding of the court in the case of Louisville Nashville R.R. v. Solchenberger,270 Ala. 536, 120 So.2d 704 (1960) concerning mutual mistake are especially *Page 401 
applicable to a workmen's compensation case.
It is our decision that the defense of settlement and release put forth by the defendant is not sufficient as a matter of law to preclude the possibility that plaintiff might establish a right to recovery under the Workmen's Compensation Act. Such a burden falls upon the party moving for a summary judgment.Rotermund v. United States Steel Corp., 474 F.2d 1139 (8th Cir. 1973); Folmar v. Montgomery Fair Co., supra. We consider that plaintiff was entitled to further prosecute his suit in Alabama even though he had previously received payments in Illinois under the provisions of Section 25-5-35, and we further believe that the complaint and answer and affidavit to the motion for summary judgment presented a possible issue of fact and law as to whether the settlement and release were subject to be rescinded on the ground of mutual mistake of fact. The judgment of the trial court is reversed and the case remanded.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.
[1] We are not informed on that point.