Arluster W. Kendrick ("the employee") sued Earl's Incorporated ("the employer"), Earl H. Singleton, Robin E. Singleton, and Lynn Bush, seeking workers' compensation benefits from the employer; alleging retaliatory discharge by the employer, Earl H. Singleton, and Robin E. Singleton; and alleging that the employer, Robin E. Singleton, and Lynn Bush had deceived and defrauded him by making certain misrepresentations regarding the employer's liability for workers' compensation benefits and by promising that the employer would pay for his medical expenses in order to induce him to enter into a settlement with the employer.
The employer moved to dismiss the employee's action; it appended certain exhibits to its motion. On September 26, 2005, the trial court entered an order indicating that it intended to treat the motion as a motion for a summary judgment, see Rule 12(b), Ala. R. Civ. P., and allowing the parties 21 days to conduct discovery and 6 weeks to submit additional matters to be considered with the motion. On October 5, 2005, the employer filed a motion for a summary judgment with additional materials. The trial court then entered an order *Page 678 
setting the summary-judgment motion for a hearing on October 25, 2005. The employee requested a continuance of the October 25 hearing, noting that the trial court had originally permitted the parties until November 7, 2005, to submit additional materials in support of or in opposition to the motion for a summary judgment, without the necessity of a hearing. The trial court then entered an order indicating that the employee's requested continuance was granted and that the motion for a summary judgment would be submitted "on the pleadings" on November 7, 2005. The employee moved the trial judge to recuse himself on November 4, 2005. The employee submitted his response in opposition to the summary-judgment motion and evidentiary materials on November 7, 2005.
Although the trial court had indicated that it would submit the motion for a summary judgment "on the pleadings" on November 7, 2005, the case-action-summary sheet indicates that the trial court held some sort of hearing on that date. The entry on November 7, 2005, indicates that the employer (and perhaps the other defendants) were in court with counsel, that the employee and his counsel were not present, and that the employee filed additional materials. On November 15, 2005, the trial judge granted the employee's motion to recuse, and the case was reassigned to another judge.
On November 28, 2005, the employer moved for a dismissal for failure to prosecute, pursuant to Rule 41(b), Ala. R. Civ. P., arguing that the employee's alleged failure to appear at the summary-judgment hearing and his alleged failure to timely respond to the summary-judgment motion entitled the employer to a dismissal of the case. The trial court set the motion for a hearing on February 15, 2006. When the employee and his counsel failed to appear on that date, the trial court dismissed the action; however, on the employee's motion, the trial court reinstated the action and reset the hearing on the pending summary-judgment motion and motion to dismiss for lack of prosecution for April 20, 2006. After the hearing, the trial court granted the motion to dismiss filed by "the defendant" and entered a judgment on the pleadings in favor of "the defendant." The employee appealed the judgment to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Although neither party raises the issue of jurisdiction to this court, we take notice of the lack of jurisdiction ex meromotu. See Ruzic v. State ex rel. Thornton, 866 So.2d 564,568-69 (Ala.Civ.App. 2003) (discussing the general rule that this court notices lack of jurisdiction ex mero motu and citing to several cases noting that rule). An appeal ordinarily lies only from the entry of a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253
(Ala. 1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.Ex parte Harris, 506 So.2d 1003, 1004
(Ala.Civ.App. 1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean,557 So.2d at 1253.
The only movant listed in the motion for a summary judgment and in the motion to dismiss for lack of prosecution is the employer; the individual defendants filed nothing indicating that they desired to join in the motion filed by the employer. Thus, the claims alleging that Robin E. Singleton and Lynn Bush defrauded and deceived the employee and that Earl H. Singleton and Robin E. Singleton had participated in the employee's alleged retaliatory discharge have not been adjudicated. *Page 679 
Because the judgment does not resolve all issues or determine the rights and liabilities of all the parties and because the record does not contain a Rule 54(b) certification, the judgment is not final and will not support an appeal.
In light of our disposition of this appeal, the employee's motion to strike the brief of the employer is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.