This is the second time this action has been before the court for resolution. See Kendrick v. Earl'sIncorporated, 963 So.2d 676 (Ala.Civ.App. 2007) ("Kendrick I"). As we explained in KendrickI:
 "Arluster W. Kendrick (`the employee') sued[1]
Earl's Incorporated (`the employer'), Earl H. Singleton, Robin E. Singleton, and Lynn Bush, seeking workers' compensation benefits from the employer; alleging retaliatory discharge by the employer, Earl H. Singleton, and Robin E. Singleton; and alleging that the employer, Robin E. Singleton, and Lynn Bush had deceived and defrauded him by making certain misrepresentations regarding the employer's liability for workers' compensation benefits and by promising that the employer would pay for his medical expenses in order to induce him to enter a settlement with the employer.
 "The employer moved to dismiss the employee's action; it appended certain exhibits to its motion. On September 26, 2005, the trial court entered an order indicating that it intended to treat the motion as a motion for a summary judgment, see Rule 12(b), Ala. R. Civ. P., and allowing the parties 21 days to conduct discovery and 6 weeks to submit additional matters to be considered with the motion. On October 5, 2005, the employer filed a motion for a summary judgment with additional materials. The trial court then entered an order setting the summary-judgment motion for a hearing on October 25, 2005. The employee requested a continuance of the October 25 hearing, noting that the trial court had originally permitted the parties until November 7, 2005, to submit additional materials in support of or in opposition to the motion for a summary judgment, without the necessity of a hearing. The trial court then entered an order indicating that the employee's requested continuance was granted and that the motion for a summary judgment would be submitted `on the pleadings' on November 7, 2005. The employee moved for the trial judge to recuse himself on November 4, 2005. The employee submitted his response in opposition to the summary-judgment motion and evidentiary materials on November 7, 2005.
 "Although the trial court had indicated that it would submit the motion for a summary judgment `on the pleadings' on November 7, 2005, the case-action-summary sheet indicates that the trial court held some sort of hearing on that date. The entry on November 7, 2005, indicates that the employer (and perhaps the other defendants) were in court with counsel, that the employee and his counsel were not present, and that the employee filed additional materials. On November 15, 2005, the trial judge granted the employee's motion to recuse, and the case was reassigned to another judge.
 "On November 28, 2005, the employer moved for a dismissal for failure to prosecute, pursuant to Rule 41(b), Ala. R. Civ. P., arguing that the employee's alleged failure to appear at the summary-judgment hearing and his alleged failure to timely respond to the summary-judgment motion entitled the employer to a dismissal of the case. The trial court set the motion for a hearing on February 15, 2006. When the employee and his counsel failed to appear on that date, the trial court dismissed the action; however, on the employee's motion, the *Page 592 
trial court reinstated the action and reset the hearing on the pending summary-judgment motion and motion to dismiss for lack of prosecution on April 20, 2006. After the hearing, the trial court granted the motion to dismiss by `the defendant' and entered a judgment on the pleadings in favor of `the defendant.'"
Kendrick I, 963 So.2d at 677-78.
In Kendrick I, we dismissed the appeal from the entry of the "judgment on the pleadings"[2] and the dismissal in favor of Earl's Incorporated ("the employer") because the claims against Earl H. Singleton, Robin E. Singleton, and Lynn Bush ("the individual defendants") were still unresolved.Id. at 678. On April 10, 2007, after the release of our opinion in Kendrick I on March 16, 2007, and after the certificate of judgment had issued on April 4, 2007, the individual defendants filed a motion to dismiss for lack of prosecution, alleging, like the employer, that Arluster W. Kendrick ("the employee") had failed to appear at the summary-judgment hearing held on the employer's motion on November 7, 2005, [3] and that he had failed to timely answer the summary-judgment motion filed by the employer. As an additional ground for the motion, the individual defendants asserted that the employee had
 "filed no motion or other pleadings in this matter since the dismissal of his appeal. This, in addition, to [the other reasons mentioned above], shows a lack of due diligence and prosecution in this matter."
On April 11, 2007, the trial court granted the individual defendants' motion to dismiss without comment. The employee again appealed, arguing that the trial court had erred in entering a "judgment on the pleadings" in favor of the employer on his workers' compensation and retaliatory-discharge claims, in granting the employer's motion to dismiss for lack of prosecution, and in granting the individual defendants' motion to dismiss for lack of prosecution.
 The Dismissals for Lack of Prosecution
First, we will review the dismissal judgments entered in favor of the employer and the individual defendants on the basis of the employee's alleged failure to prosecute the case. As noted above, in its motion, which was filed on November 28, 2005, the employer argued that the employee had failed to prosecute his case by allegedly failing to attend the summary-judgment hearing held on November 7, 2005, and by allegedly failing to timely respond to that summary-judgment motion. The individual defendants made the same allegations in their motion to dismiss for lack of prosecution, adding only the allegation that the employee had failed to take any action in the case since the dismissal of the appeal in Kendrick I on March 16, 2007.
Rule 41(b), Ala. R. Civ. P., permits a trial court to dismiss an action when a plaintiff fails to prosecute that action or *Page 593 
fails to comply with the Rules of Civil Procedure or orders of the court. Although the trial court in the present case did not specifically indicate that its dismissal of the employee's action against both the employer and the individual defendants was "with prejudice," the practical effect of the dismissal judgments in this case is the same as if the trial court had entered a dismissal with prejudice because the statute of limitations on each of the employee's claims had expired by the time of the entry of the April 2006 and the April 2007 dismissal judgments. See Riddlesprigger v. Ervin,519 So.2d 486, 487 (Ala. 1987). Typically, an appellate court will review a dismissal pursuant to Rule 41(b) to determine only whether the trial court abused its discretion.Riddlesprigger, 519 So.2d at 487.
"However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations," and "appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside." Smith v. WilcoxCounty Bd. of Educ., 365 So.2d 659, 661 (Ala. 1978) (citing, among other things, 9 Wright Miller, FederalPractice Procedure § 2370, p. 203, n. 1). Our supreme court has explained that "the plaintiffs conduct must mandate the dismissal," and it has further reiterated the rule espoused by the United States Court of Appeals for the Fifth Circuit that a trial court "may dismiss with prejudice an action `only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" Smith,365 So.2d at 661 (quoting Durham v. Florida East Coast Ry.Co., 385 F.2d 366, 368 (5th Cir. 1967)). Our supreme court further explained that "even where there has been a period of inactivity, present diligence has barred dismissal."Smith, 365 So.2d at 661.
The employee argued below and argues now on appeal that the trial court abused its discretion by entering the requested dismissals because, he asserts, he did not fail to timely respond to the summary-judgment motion or fail to appear at the summary-judgment hearing.[4] As explained by the employee in both his response to the motions to dismiss and in his appellate brief, the trial court's September 26, 2005, entry on the case-action-summary sheet clearly establishes that the employee had until November 7, 2005, to present a response and supporting materials in opposition to the employer's summary-judgment motion. The entry reads: "Parties allowed 21 days in which to provide discovery. Counsel allowed 6 weeks in which to submit any add'tl pleadings re: Deft's Mot for S/J after which the motion will be deemed to be submitted." November 7, 2005, was exactly six weeks from September 26, 2005. In addition, a review of the orders entered in the case indicates that the trial court continued the October 25, 2005, setting of the summary-judgment hearing on the employee's motion and ordered that "[t]he case will be submitted on [the] pleadings November 7, 2005." Thus, based on our reading of the orders entered by the trial court, we conclude that no hearing was actually set for November 7, 2005, and that the employee complied with the trial court's orders by timely filing his response in opposition to the summary-judgment motion and supporting materials by November 7, 2005. We further conclude *Page 594 
that the individual defendants' allegation regarding the employee's inactivity in the period between the issuance of our opinion in Kendrick I on March 16, 2007, and the filing of the individual defendants' motion on April 10, 2007, is an insufficient allegation upon which to base a dismissal of the employee's action, especially because the trial court would have had no jurisdiction to entertain any motion in the case until the issuance of our certificate of judgment on April 4, 2007, a mere six days before the individual defendants filed their motion to dismiss. See Ex parte Tiongson,765 So.2d 643, 643 (Ala. 2000) (stating that "`a judgment of [a Court of Appeals] is not final until that court issues its certificate of judgment'" (quoting Jackson v. State,566 So.2d 758, 759 n. 2 (Ala. 1990))). Thus, there was no stated basis in either motion to dismiss for lack of prosecution to permit the trial court to conclude that the employee had failed to prosecute this action or that the harshest sanction available to a trial court — dismissal of an action with prejudice — was appropriate.
We note that the employer and the individual defendants argue that other factors omitted from the motions to dismiss but argued to the trial court at the hearings on the motions mitigate in favor of a conclusion that the employee had historically failed to take necessary steps to prosecute the action. The employer and the individual defendants argue that the employee failed to make any motion or file any pleadings in the action when it was pending in the Montgomery Circuit Court awaiting the entry of an order transferring the case to the Elmore Circuit Court. See note 1, supra. The record reflects that the Montgomery Circuit Court had indicated orally that the case was due to be transferred but that it had failed to enter an order to that effect. The resulting 15-month period of inactivity, the employer and individual defendants contend, would support the trial court's ultimate decision to dismiss this case. However, as noted above, a period of inactivity followed by resumed activity in a case is not a sufficient basis for a dismissal with prejudice. Smith,365 So.2d at 661. The employer filed, and the employee responded to, a motion for a summary judgment after the case was transferred to the Elmore Circuit Court, thus indicating that the employee was actively prosecuting his case at the time of the motions to dismiss.
In addition, the employer and the individual defendants point to both the employee's failure to respond to the employer's motion to dismiss for lack of prosecution until after the trial court had entered a dismissal and the employee's failure to attend the February 15, 2006, hearing on the employer's motion to dismiss as evidence of a pattern and practice of contumacious delay tactics on the part of the employee and his counsel. However, the trial court set aside the February 15, 2006, dismissal on the basis that the employee was not notified of the hearing; it must have concluded that the employee's failure to attend was not voluntary or contumacious. Thus, we do not find any ground asserted by the employer or the individual defendants in their brief to be a sufficient basis for a dismissal in this case; therefore, we reverse the April 2006 and the April 2007 dismissal judgments.
 The Summary Judgment in Favor of the Employer
The trial court also entered a "judgment on the pleadings" in favor of the employer; however, because the employer had filed a motion for a summary judgment, we will consider the entry of the "judgment on the pleadings" to be the entry of a summary judgment in favor of the employer on its *Page 595 
motion.[5] The employer argued in its motion that the employee's workers' compensation and retaliatory-discharge claims were barred by his execution of a release in exchange for a cash settlement from the employer. The employer submitted a copy of the release signed by the employee and the affidavit of Earl H. Singleton in support of its motion. The employee argued that the release was insufficient to resolve his workers' compensation claim against the employer because (1) the "settlement" of his claims for an amount less than the amount due him under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the Act"), was not approved by a circuit court as required by Ala. Code 1975, § 25-5-56, and (2) the reduction of his settlement to a lump sum, as recited in the release, was also not approved by a circuit court as required by Ala. Code 1975, § 25-5-83.
We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c)(3); see Lee v. City of Gadsden,592 So.2d 1036, 1038 (Ala. 1992). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee,592 So.2d at 1038 (footnote omitted). "[S]ubstantial evidence is evidence of such weight and quality that fair minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989); see Ala. Code 1975, § 12-21-12(d). Furthermore, when reviewing a summary judgment, the appellate court must view all the evidence in a light most favorable to the nonmovant and must entertain all reasonable inferences from the evidence that a jury would be entitled to draw. SeeNationwide Prop. Cas. Co. v. DPF Architects, P.C.,792 So.2d 369, 372 (Ala. 2000); and Fuqud v. Ingersoll-RandCo., 591 So.2d 486, 487 (Ala. 1991).
In its motion for a summary judgment, the employer argued primarily that the employee had walked off the job and that he had signed a release of liability in exchange for a cash settlement. The employer attached to its original motion to dismiss, which the trial court converted into a motion for a summary judgment, the release executed by the employee; the employer later filed a second motion, which was identical to its first motion except for the change in its title from "Motion to Dismiss" to "Motion for a Summary Judgment," to which it attached Earl H. Singleton's affidavit. The employer did not file a brief in support of that motion; however, it cited Buco Building Constructors, Inc. v. Myrick,863 So.2d 1130 (Ala.Civ.App. 2003), in support of its statement in the motion that "accord and satisfaction is effective in a worker[s'] compensation setting."
Myrick, however, involved whether "[a]n employee's obligation to satisfy an employer's subrogation interest may be extinguished by application of the doctrine of accord and satisfaction." Myrick, *Page 596 863 So.2d at 1134. Nothing in Myrick addressed the viability of a settlement of a workers' compensation claim executed by an employee without court approval. Thus,Myrick is inapplicable to the issue at hand.
Alabama law is well-settled: a workers' compensation claim may not be released in the same manner as a typical tort claim.Sager v. Royce Kershaw Co., 359 So.2d 398, 400
(Ala.Civ.App. 1978). Under § 25-5-56, a settlement of an employee's workers' compensation claim is not binding unless it is either-(1) for the amount of compensation to which the employee is entitled under the Act or (2) approved by a circuit court. In Sager, in which the court was considering a release entered into by an employee in another state, the court decided "that the defense of settlement and release put forth by the defendant is not sufficient as a matter of law to preclude the possibility that plaintiff might establish a right to recovery under the Workmen's Compensation Act" in light of the requirement of court approval of any settlement for less than the benefits to which the employee was entitled under the Act. Sager, 359 So.2d at 401. Likewise, inPhillips v. Opp Micolas Cotton Mills, Inc.,445 So.2d 927, 930 (Ala.Civ.App. 1984), the court observed that "[o]ne of the limitations contained in section 25-5-56 upon a settlement between the parties without court approval is that it must be in amount the same as the amount or benefits stipulated in the Act." Thus, the mere existence of a release is not sufficient, alone, to entitle an employer to a summary judgment in an action in which an employee seeks workers' compensation benefits.
In his affidavit, Earl H. Singleton testified that the employee had received 100% of his pay while on light duty, that the employee's medical bills had been paid, and that the employee had received a cash settlement. Singleton also testified that "[a]ll of these items were in excess of what [the employee] would be entitled [to] under the worker[s'] compensation laws of the state." The release itself indicates that the employer would pay the employee's medical bills from the date of the accident to July 10, 2002. In his affidavit, the employee testified that he had received medical treatment for injuries to his neck and back sustained in an on-the-job accident and that the employer had paid for "some" of that medical treatment. Thus, fact questions remain regarding what medical treatment the employer paid for, what medical treatment the employee continued to receive, and whether the employer would have been obligated to pay for the continued medical treatment under the Act. That is, on this record, the trial court could not have concluded that the settlement agreement executed by the employee was for the amount of compensation he would have been entitled to under the Act; thus, the release is not binding because it lacked approval by a circuit court, and the employee may seek to establish that the employer owes him more benefits pursuant to the Act. See Phillips,445 So.2d at 930.[6]
We come to a contrary conclusion regarding the summary judgment in favor of the employer on the employee's retaliatory-discharge claim. To establish a prima facie case of retaliatory discharge, an employee must prove "1) an employment relationship, 2) an on-the-job injury, *Page 597 
3) knowledge on the part of the employer of the on-the-job injury, and 4) subsequent termination of employment based solely upon the employee's on-the-job injury and the filing of a workers' compensation claim." Alabama Power Co. v.Aldridge, 854 So.2d 554, 563 (Ala. 2002). Although the employee is correct insofar as he argues that the only element of the retaliatory-discharge claim that the employer put at issue was whether the employee was actually discharged, the employer argued that the release entitled it to a summary judgment on both the workers' compensation claim and the retaliatory-discharge claim. General release language, i.e., terms releasing an employer for liability "`from all claims on account of [the work-related] injury,'" accomplishes the release of a retaliatory-discharge claim unless there is evidence of fraud. See Sanders v. Southern RiskServs., 603 So.2d 994, 995 (Ala. 1992). The employee never argued that his fraud claim against the employer, Robin E. Singleton, and Lynn Bush would preclude the enforcement of the release in the present case. The employee made no other argument challenging the application of the release to his retaliatory-discharge claim in the trial court or on appeal. Thus, we affirm the summary judgment in favor of the employer insofar as it relates to the employee's retaliatory-discharge claim.
 Conclusion
We conclude that the trial court abused its discretion by dismissing the employee's action against the employer and the individual defendants for a lack of prosecution, and we therefore reverse the judgments dismissing the employee's action against the employer and the individual defendants. The record reflects, contrary to the grounds asserted by the employer and individual defendants in their respective motions, that the employee timely responded to the employer's summary-judgment motion and that the summary-judgment hearing that the employee allegedly failed to appear at was never set. In addition, although there was a long period of inactivity in the case during the period between the Montgomery Circuit Court's oral indication that the case would be transferred to the Elmore Circuit Court and the date that the Montgomery Circuit Court entered an order to effect that transfer, the case was being actively prosecuted at the time the employer and the individual defendants filed their respective motions to dismiss. Finally, we note that a six-day period of inactivity between the issuance of this court's certificate of judgment inKendrick I and the date the individual defendants filed their motion to dismiss is clearly an insufficient delay upon which to base a Rule 41(b) dismissal.
Regarding the summary judgment entered in favor of the employer, we conclude that the release executed by the employee was an insufficient basis upon which to enter a judgment in favor of the employer on the employee's workers' compensation claim, and we reverse the summary judgment insofar as it relates to that claim. However, in light of the employee's failure to argue that the release was also insufficient to preclude his retaliatory-discharge claim, we affirm the summary judgment in favor of the employer insofar as it relates to that claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
[1] Kendrick originally filed the action in the Montgomery Circuit Court; the case was eventually transferred to the Elmore Circuit Court.
[2] As we discuss infra, we consider the trial court's entry of a "judgment on the pleadings" to be the entry of a summary judgment in favor of the employer because the record does not contain a motion for a judgment on the pleadings.
[3] In both the employer's and the individual defendants' motions to dismiss for lack of prosecution, the date of the hearing at which the employee allegedly failed to appear is stated to have been October 17, 2005. The record reflects that the only two hearings regarding the summary-judgment motion were held on September 26, 2005, and November 7, 2005. We agree with the employee that both the employer and the individual defendants intended to refer to the November 7, 2005, hearing.
[4] In addition, both the employer and the individual defendants cited as bases for the dismissals the arguments presented by the employer in its summary-judgment motion. Because those arguments regarding the merits of the employee's claims are unrelated to the merits of the argument that the employee failed to prosecute his case, we do not address them here.
[5] To borrow an observation from our supreme court, "[w]e note the peculiarity of the trial court's dismissal of plaintiff['s] case with prejudice in addition to its decision on the merits by granting summary judgment for the defendants." Cabaniss v. Wilson, 501 So.2d 1177, 1179
n. 1 (Ala. 1986).
[6] Based on our conclusion that the summary judgment on the employee's workers' compensation claim must be reversed because the release executed by the employee is not binding insofar as it relates to his claim for workers' compensation benefits, we need not discuss the employee's other argument — i.e., that § 25-5-83 requires court approval of the reduction of a workers' compensation settlement to a lump sum. *Page 598