RUSSELL, Judge.
The mother filed a petition to modify a divorce judgment, alleging that the parties’ minor child had the desire and the aptitude for a college education and that the father had the ability to provide for the education. The motion requested that the trial court order the father to pay a portion of the college expenses for the child. The motion was filed two days before the child’s nineteenth birthday. Stating that the child was no longer a minor and that, therefore, the action was moot, the father filed a motion *729 to dismiss, which was granted by the trial court.
The mother’s attorney filed a motion to reinstate, in which he apologized to the court and claimed that he had arrived at 9 a.m. for the 8:30 a.m. hearing on the motion to dismiss because, he claimed, most hearings are set for 9 a.m. In its order denying the motion, the trial court stated that motions are rarely set at 9 a.m. and that notice was sent well in advance of the hearing. The mother appeals. We reverse and remand.
The mother contends that, because the petition was filed before the child’s nineteenth birthday, the trial court had jurisdiction to hear the petition and should not have dismissed the case. She further contends that it was evident from both the petition to modify and the motion to dismiss that the motion to dismiss was due to be denied. If dismissal was for failure of counsel to appear at the time set for the hearing, she says, it was too severe a sanction.
The father responds by saying that the mother’s attorney did not appear at 8:30 a.m. for the hearing and did not appear in response to the trial judge’s telephone call to his office at approximately 8:30 a.m. He states that the judgment granting the dismissal is due to be affirmed based on these facts and, in support, cites Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989), as follows: “If one party has acted with willful and deliberate disregard of reasonable and necessary requests for the efficient administration of justice, the application of even so stringent a sanction as dismissal is fully justified and should not be disturbed.”
Regarding the merits of the father’s motion to dismiss, it is well settled that
“[i]n a proceeding for ... modification of a divorce judgment, a trial court may award sums of money out of the property and income of either or both parents for the post-minority education of a child of that dissolved marriage, when application is made therefor, as in the case at issue, before the child attains the age of majority.”
Ex parte Bayliss, 550 So.2d 986, 987 (Ala.1989) (emphasis supplied); see also Ex parte Barnard, 581 So.2d 489 (Ala.1991). Clearly, the petition was filed before the child reached the age of majority, and the issue was not “moot.”
Regarding the dismissal for failure to attend the hearing on the motion to dismiss, we find that the facts in the present case do not warrant the stringent sanction of dismissal of the action. The mother’s attorney states that he mistakenly appeared for the hearing at 9 a.m., rather than at 8:30, and that he did not speak to the judge prior to 9 a.m. These facts do not evidence a “willful and deliberate disregard of reasonable and necessary requests for the efficient administration of justice.” Iverson, 553 So.2d at 87.
Based on the above, the judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.