Tommie Hosey and Alice Weaver ("the plaintiffs") appeal from the trial court's sua sponte judgment dismissing all claims against Donald Lowery. The judgment was entered without notice or a hearing as a sanction for the failure of the plaintiffs' attorney to attend a hearing on motions that had been rendered moot and that did not involve Lowery.
On May 1, 2002, the plaintiffs sued Lowery, Michael Knott, and Farmco Builders, Inc. ("Farmco"), alleging negligence and wantonness in a multivehicle highway accident. On July 16, 2002, Knott and Farmco, which was Knott's employer, filed an answer. Lowery appeared in the litigation, but the record does not reflect that he ever filed an answer.
On March 13, 2003, the trial court ordered the parties to mediate the dispute. Two mediation sessions were held without success. On August 28, 2003, Knott and Farmco filed a motion for sanctions against the plaintiffs alleging that the plaintiffs had not mediated in good faith. On October 5, 2003, the plaintiffs filed a response to the motion for sanctions and their own motion for sanctions with respect to the mediation and Knott and Farmco's allegedly "frivolous" motion for sanctions. Neither motion for sanctions sought any relief against Lowery.
Both motions for sanctions were set for hearing on October 14, 2003. On October 13, 2003, the plaintiffs reached a pro tanto settlement with Knott and Farmco, but *Page 17 
they did not reach a settlement with Lowery. As part of the pro tanto settlement, the plaintiffs agreed with Knott and Farmco that both motions for sanctions were moot and that the plaintiffs and Knott and Farmco would execute a stipulation of dismissal of all claims against Knott and Farmco. The pro tanto settlement expressly excluded the plaintiffs' claims against Lowery.
The hearing on the motions for sanctions was held as scheduled on October 14, 2003. The hearing was attended by Jamie Johnston, counsel for Knott and Farmco; the plaintiffs' counsel did not attend. Johnston advised the trial court (1) that Knott and Farmco had reached a pro tanto settlement with the plaintiffs, (2) that both motions for sanctions were moot, and (3) that counsel for the plaintiffs had not appeared because the only pending motions had been rendered moot. The plaintiffs assert in their brief to this court that Johnston had agreed the day before the hearing to handle the hearing by reporting the pro tanto settlement and the resolution of the motions for sanctions.
Although the only matters scheduled to be heard at the October 14 hearing were the motions for sanctions filed by the plaintiffs and by Knott and Farmco, Lowery, who was acting pro se, attended the hearing. Because the plaintiffs' counsel was not present at the hearing, however, the trial court announced that it was dismissing the plaintiffs' claims against Lowery. Thereafter, on November 3, 2003, the trial court entered a judgment that referenced the pro tanto settlement, denied Knott and Farmco's motion for sanctions as moot, dismissed all claims against Lowery with prejudice, and ordered counsel for Knott and Farmco to submit a joint stipulation of dismissal.
On November 17, 2003, the plaintiffs filed a motion to alter, amend, or vacate the judgment, setting forth the reasons for their counsel's failure to attend the hearing. The motion to alter, amend, or vacate was denied by operation of law, and the plaintiffs filed a timely appeal.
A dismissal entered as a sanction
 "is within the sound discretion of the trial court, and such a dismissal will be reversed only for an abuse of that discretion. Nevertheless, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. In reviewing the trial court's dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record."
State ex rel. S.M. v. A.H., 832 So.2d 79, 80 (Ala.Civ.App. 2002) (citations omitted). Moreover, "[d]ismissal orders must be carefully scrutinized, and the plaintiff's conduct must mandate dismissal." Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala. 1989).
The plaintiffs argue that they were denied due process by the trial court's sua sponte dismissal of all claims against Lowery as a sanction for the plaintiffs' counsel's failure to attend the October 14 hearing. The constitutional requirement of due process of law means "notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing." Exparte Rice, 265 Ala. 454, 458, 92 So.2d 16, 19 (1957). See alsoKingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 54 (Ala. 2003). Our Supreme Court has also noted that due process
 "contemplates the rudimentary requirements of fair play, which include a fair and open hearing . . . with notice and the opportunity to present evidence and argument . . . and information as to the claims of the opposing party, with reasonable opportunity to controvert them." *Page 18 
Ex parte Weeks, 611 So.2d 259, 261 (Ala. 1992).
The only motions scheduled to be heard at the October 14 hearing were the two motions for sanctions that had become moot. Lowery had not filed a motion to dismiss, and the trial court had given the plaintiffs no indication that the dismissal of their claims against Lowery would be considered at the October 14 hearing. See Isler v. Isler, 870 So.2d 730, 734 (Ala.Civ.App. 2003) (trial court violated due process by combining, without adequate notice, a premature trial on the merits with a hearing on temporary custody and other interim relief). Under the circumstances of this case, the dismissal of the plaintiffs' claims against Lowery, without notice or a hearing, violated the plaintiffs' due-process rights.
This state "has a long-established and compelling policy objective of affording litigants a trial on the merits whenever possible." Cincinnati Ins. Co. v. Synergy Gas, Inc.,585 So.2d 822, 827 (Ala. 1991). A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but" "`since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations.'" Burdeshaw v. White,585 So.2d 842, 848 (Ala. 1991) (quoting Smith v. Wilcox CountyBd. of Educ., 365 So.2d 659, 661 (Ala. 1978)).
Although we do not condone an unexcused failure to attend a hearing, we do not find that the circumstances presented here were extreme and we do not believe that the sanction was proportionate to the offense. Compare Burdeshaw,585 So.2d at 849 (unexcused failure to appear at a hearing and a 10-month delay in attempting to schedule another hearing was not sufficient to warrant dismissal); Brown v. Brown, 896 So.2d 573
(Ala.Civ.App. 2004) (reversing a dismissal that was based on an inmate's failure to attend a pretrial conference); and Miller v.Miller, 618 So.2d 728 (Ala.Civ.App. 1993) (reversing a dismissal based on counsel's failure to attend hearing; counsel was 30 minutes late).
Based on the foregoing, we conclude that the trial court erred in dismissing the plaintiffs' claims against Lowery. We therefore reverse the trial court's judgment, and we remand the cause for further proceedings.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.