Howard Michael Warren appeals from a summary judgment in favor of the defendant, John Scott Hooper. We reverse and remand.
 I. Factual Background
The facts that can be gleaned from the record on appeal are meager; however, the documents submitted by Hooper, the admissions in his answer, and the affidavits of Warren, Hooper, and David Eason, who is not a party to this case, reveal the following: Warren is an investor, who at times loaned money to individuals and businesses. Beginning in 2000, Hooper, an attorney practicing in Montgomery, represented Warren in various civil matters. Hooper also represented Eason, a real-estate developer, in unrelated matters. In 2001, Eason experienced business problems and sought additional financing for some of his projects. Hooper introduced Eason to Warren and advised Warren that Eason was a client of his and that Eason "desired to borrow monies on his properties." Ultimately, Warren loaned Eason $200,000. The terms of the loan were stated in a promissory note, which was secured by a mortgage in Warren's favor on two parcels of property in Elmore County. Hooper did not draft the note or the mortgage document. Eason defaulted on the loan, and Warren obtained a judgment against Eason in 2003.
 II. Course of Proceedings Below
On April 12, 2004, Warren sued Hooper asserting breach of fiduciary duty, legal malpractice, breach of contract, negligence, and fraud. All the claims in Warren's complaint arise out of Warren's contention that he made the loan to Eason based on "representations, warranties, assurances and other promises" made by Hooper and based on the attorney/client relationship between Warren and Hooper. Warren contends that without those representations and if there had not been the relationship between him and Hooper he would not have made the loan. Additionally, Warren contends that Hooper had assured him that his mortgage was second in priority, when the mortgage on one parcel was actually fourth in priority.
On November 19, 2004, Hooper filed a motion to dismiss on the following grounds: (1) that Warren could not prove damages; (2) that the statute of limitations barred all claims except the breach-of-contract claim; (3) that the Statute of Frauds barred the breach-of-contract claim; (4) that the doctrine of laches barred all claims; and (5) that Warren's failure to join Hooper as a necessary party pursuant to Rule 19(a), Ala. R. Civ. P., in Warren's *Page 1120 
action against Eason for default on the loan now barred the present action. The trial court subsequently denied the motion.
Before any discovery was taken, Hooper moved for a summary judgment on the same grounds as set out in his motion to dismiss. Following a hearing, of which there is no transcript in the record, the trial court entered a summary judgment in favor of Hooper, stating, in pertinent part:
 "There is no allegation(s) plead[ed] or fact pattern stated in the hearing that [Hooper] was a facilitator to the mortgage loan agreement between [Warren] and Mr. Eason, and therefore there is no general fiduciary or agency relationship or duty established between [Warren] and [Hooper]. Thus, after considering the above stated facts and applicable law the court finds that there is no genuine issue of material fact, and that [Hooper] is entitled to judgment as a matter of law."
Warren appeals.
 III. Standard of Review
This Court recently reiterated the standard of review applicable to an appeal from a summary judgment:
 "In reviewing the disposition of a motion for a summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794
(Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). This Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990)."
S.B. v. Saint James School, 959 So.2d 72, 81 (Ala. 2006).
"This Court will not consider facts not in the record in its review of cases on appeal." Ex parte General MotorsCorp., 769 So.2d 903, 907 (Ala. 1999). Notably, Warren does not argue on appeal that he was entitled to discovery before Hooper's summary-judgment motion was granted;[1] he asserts only that the affidavits he presented in opposition to the summary-judgment motion create genuine issues of material fact that preclude summary judgment and that the trial court improperly entered the summary judgment on a ground Hooper did not raise. *Page 1121 
Accordingly, although summary judgment was entered before the parties engaged in discovery, we will not consider whether Warren was entitled to additional discovery, and we will review only the evidence that was before the trial court when it granted the motion. McGinnis v. Jim Walter Homes, Inc.,800 So.2d 140, 145-46 (Ala. 2001).
 IV. Scope of Review
"This Court may affirm a trial court's judgment on `any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court.'" General Motors Corp. v. Stokes Chevrolet,Inc., 885 So.2d 119, 124 (Ala. 2003) (quoting LibertyNat'l Life Ins. Co. v. University of Alabama Health Servs.Found., P.C., 881 So.2d 1013, 1020 (Ala. 2003)); VestaFire Ins. Corp. v. Milam Co. Constr., 901 So.2d 84,104 (Ala. 2004) ("Subject to limited exceptions, an appellate court will affirm a summary judgment on the basis of a law or legal principle not invoked by the moving party or the trial court, even though an appellate court will not reverse a summary judgment on the basis of a law or legal principle not first argued to the trial court by the nonmoving party." (footnote omitted)). However, this Court has stated: "This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment, or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant's evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element." Universityof Alabama Health Servs., 881 So.2d at 1020 (citations omitted).
 V. Analysis 1. Hooper was not the facilitator of the transaction between Warren and Eason.
Hooper based his motion for a summary judgment, filed before any discovery was taken, on five specific grounds — the same grounds stated in his motion to dismiss. None of those grounds represents an assertion of a failure of Warren's evidence on an element of a claim except the ground "that Warren could not prove damages," and Hooper failed to support this assertion. Nevertheless, the trial court found that there was no genuine issue of material fact regarding whether Hooper had facilitated the transaction between Warren and Eason. This Court may affirm a trial court's judgment on any valid legal ground presented, regardless of whether that ground was considered, or even if it was rejected, by the trial court. As noted above, this rule is inapplicable when the summary-judgment movant has not asserted before the trial court a failure of the nonmovant's evidence on an element of a claim or defense. However, even assuming that this defense is properly before us as a basis for affirmance, there are contradicting statements in the affidavits presented regarding Hooper's communications with Warren about the transaction.
The affidavits submitted to the trial court are in conflict as to whether Eason and Warren communicated through Hooper or directly with one another regarding the $200,000 loan. Eason stated that he and Warren "talked at length about all issues of the note and mortgage." Warren stated that "there were no negotiations between [him] and [Eason]" and that he "never spoke with [Eason]. [Hooper] handled all the communication between the *Page 1122 
two of [them] regarding the lending of the money and the signature of the note." The affidavits also conflict regarding the substance of Hooper's advice to Warren. Hooper stated that he advised Warren that he could not participate in, generate documents related to, or represent either party with respect to the loan transaction. Eason's affidavit asserts that Hooper made these statements to him and that Hooper did not represent him or Warren with respect to "any of the details of the note or mortgage." However, although Warren does not expressly state that Hooper represented him, he denies that Hooper made similar statements to him. Additionally, it is undisputed that Warren asked Hooper "if it was a safe deal." Warren stated that Hooper told him regarding the transaction that "he would `stake his reputation on it.'" Hooper, however, stated: "I told Warren that I had not looked up any chain of title or mortgages on the properties. . . . I advised [Warren] that he should get one of his other attorneys to advise him on the issues of this deal."
Warren states in his affidavit, contrary to the facts as stated in Hooper's affidavit, that Hooper handled all the communications between Warren and Eason and that Warren never spoke to Eason; that Hooper came to his house (Warren is a quadriplegic) to work out the details of the loan and to pick up a check representing the proceeds of the loan, which he then delivered to Eason; and that Hooper recorded the mortgage for him. Accordingly, the trial court erred both as a matter of procedure and as to the merits in entering a summary judgment in favor of Hooper on this ground.
 2. Warren could not prove damages.
In his brief to this Court, Warren addresses only the issue whether the trial court erred in entering a summary judgment on the ground that Hooper did not facilitate the transaction. In his brief, Hooper argues, apparently as an alternate basis for affirming the summary judgment, that Warren could not prove damages and that Hooper is therefore entitled to a summary judgment on that basis.[2] However, the evidence before the trial court would not have supported a summary judgment on the ground of lack of proof of damages. The record does not contain a copy of the promissory note; it does, however, contain an unauthenticated copy of the mortgage, which Hooper submitted with his summary-judgment motion. The mortgage purports to encumber two parcels of property in Elmore County, requiring payment to Warren by May 15, 2002. Regarding the priority of the mortgage, the document indicates that there is a second mortgage on one parcel and a fourth mortgage on another parcel. Eason's affidavit, submitted by Hooper, implies that Warren has not foreclosed on the mortgage: stating only that "Mr. Warren agreed to lend to *Page 1123 
me $200,000.00 on property that is encumbered but worth near $4,000,000.00. The liens ahead of Mr. Warren total near $3,000,000.00. If Mr. Warren foreclosed on eachproperty and became first mortgagee, he would be in position to sell the properties and realize one million dollars in profit. . . ." (Emphasis added.) However, Hooper provided no affidavit or other evidence that actually shows that Warren has not foreclosed on the property. Based on Eason's affidavit and unauthenticated documents purporting to appraise the value of the mortgaged property, but without any documents as to the amounts of the indebtedness owed on that property, Hooper maintains that if Warren foreclosed on the mortgage, he would recover the entire amount of the loan plus an additional profit. Although Warren did not file a motion to strike the unauthenticated documents, he stated in his response to Hooper's summary-judgment motion that Hooper's allegations regarding the alleged lack of proof of damages Warren suffered are speculative. Ex parte General Motors Corp.,769 So.2d at 909, allows the movant to obtain a summary judgment by pointing out evidentiary gaps, "assuming discovery has been completed."
Here, even though discovery had not even been commenced, much less completed, Hooper could still pursue a summary judgment concerning Warren's alleged failure to show proof of damages because, as noted earlier, Warren presented no affidavit pursuant to Rule 56(0, Ala. R. Civ. P., stating the reason (i.e., lack of discovery) he could not present essential facts relative to his proof of damages.
However, Hooper's argument seeking a summary judgment on this ground does not afford an alternate basis upon which to affirm the trial court's judgment. Even though Warren failed to file a motion to strike, either as to Hooper's unauthenticated documents concerning the appraised valuations of the mortgaged properties or as to Eason's affidavit in the form of a challenge to Eason's expertise and ability to assert the valuations made in that affidavit, Warren did specifically argue that Hooper's ground concerning his failure to show proof of damages was speculative. Assuming that the trial court had properly before it evidence as to the value of the real properties subject to Warren's mortgage, Hooper failed to provide any evidence of the balance owed on the mortgages that were superior to Warren's mortgage. The only evidence as to the amount owed on the senior mortgages was Eason's unsupported and uncorroborated statement that "[t]he liens ahead of [Warren] total near $3,000,000.00." Accordingly, Hooper never made a sufficient showing that there was no genuine issue as to Warren's proof of damages so as to shift the burden to Warren, because the amount of equity available to Warren in the mortgaged properties to satisfy his damages could not have been accurately determined without first deducting the payoffs on the mortgages senior to Warren's mortgage.[3]
 VI. Conclusion
Based on the foregoing, the judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and SEE, STUART, SMITH, PARKER, and MURDOCK, JJ., concur.
 LYONS and WOODALL, JJ., dissent.
[1] In the court below, Warren stated that Hooper's arguments were "not ripe for summary judgment at this time as there has been no discovery in this case," but he did not move for a continuance or file an affidavit under Rule 56(f), Ala. R. Civ. P., requesting more time in which to conduct discovery.Herring v. Parkman, 631 So.2d 996, 1002 (Ala. 1994) ("Rule 56(f) requires from the party opposing the summary judgment motion an affidavit stating the reasons why he cannot present essential facts."). The argument that there has been no discovery in a case does not preclude a summary judgment.Id. (affirming summary judgment in legal-liability action where plaintiffs did not satisfy Rule 56(f); affidavits challenged merits only; objection stated that there had not been adequate discovery and that summary judgment was premature).
[2] However, Hooper's brief fails to comply with Rule 28(a)(10), Ala. R.App. P. Hooper cites two general propositions of law regarding summary judgment but offers no discussion concerning the facts in this case and the applicability of those cases to the facts here. See Jimmy Day Plumbing Heating, Inc. v. Smith, 964 So.2d 1 (Ala. 2007) (appellant's argument was insufficient to invoke review of the allegedly excessive compensatory-damages award to plaintiff in this personal-injury action where appellant made only a three-sentence argument, in which it cited only a single case in support of a general proposition of law and offered no discussion of the nature and extent of the plaintiff's injuries); Davis v. Sterne, Agee Leach, Inc.,965 So.2d 1076 (Ala. 2007) (appellant's lone citation to a general principle of law without specific relevance to her action against financial-services company was insufficient to meet the requirements of the appellate rules to cite relevant authority in support of arguments). Rule 28(a)(10) also applies to the appellee. See Rule 28(b).
[3] The issue whether Warren could be forced to foreclose on his mortgage, in his status as a junior mortgagee, in order to properly prove damages is not before the Court. *Page 1124