THOMPSON, Presiding Judge.
Folmar Kenner, LLC, sued Andra Capa-ci, doing business as Andra Capaci Real Estate, seeking damages on claims related to Capaci’s alleged breach of a lease agreement. Capaci answered and counterclaimed, alleging that the leased premises were unfit for occupancy and seeking damages on several claims, including negligence, wantonness, and breach of the lease agreement.
The dispute between the parties arose after Capaci discovered that the leased premises were infested with mold and she vacated the premises. Folmar Kenner remedied or attempted to remedy the mold problem, but some of Capaci’s personal property that she had left in the premises was damaged in the process. Although Folmar Kenner represented that it was safe for Capaci to return to the leased premises after it had performed its remedial measures, Capaci refused to do so. Folmar Kenner then claimed that Capaci had breached the lease agreement. Capa-ci claimed that she had suffered physical injury and emotional distress as a result of her exposure to toxic mold. She also sought to recover the value of the personal property that she alleged Folmar Kenner had damaged during its attempts to remedy the mold problem in the leased premises.
On July 27, 2006, Folmar Kenner filed an offer of judgment pursuant to Rule 68, Ala. R. Civ. P., in the amount of $25,000. Capaci did not accept that offer. On January 8, 2007, the parties filed a joint motion indicating that Folmar Kenner’s claims against Capaci had been settled; the parties moved for a dismissal of those claims. The record contains no indication that the trial court ruled on that motion, but the parties represented to the trial court at the start of the trial that those claims had been settled, and those claims were not prosecuted at the trial.
The case proceeded to a jury trial solely on Capaci’s counterclaims against Folmar Kenner. On February 28, 2007, the fourth *1231 day of the jury trial, Capaci testified. During her responses on direct examination, Capaci repeatedly volunteered information beyond that sought by the questions. Folmar Kenner objected repeatedly to answers Capaci gave, arguing that Ca-paci’s responses to questions asked of her exceeded the scope of the question that had been asked. During her direct examination, the trial court warned Capaci that if she continued to volunteer information, it would “terminate [her] testimony.”
The cross-examination of Capaci by Fol-mar Kenner was contentious at times. Folmar Kenner repeatedly objected to Ca-paci’s elaborating or expanding her answers to provide information beyond that which was necessary to properly respond to the questions. The trial court continued to warn Capaci to limit her responses to the questions actually asked. The trial court also explained to Capaci that her attorney could ask her additional questions on redirect examination so that she could fully explain the answers she gave on cross-examination. However, despite the repeated warnings, Capaci continued to volunteer information and expound on her answers.
The trial court then warned Capaci again, telling her that that warning was the last one it would give and that “[t]his trial will end the next time you volunteer an answer that is not requested by the question.” In response, Capaci, as she had done several times before, told the trial court that she was nervous testifying in court.
In spite of its statement that it would no longer warn Capaci, the trial court continued to do so several more times during her cross-examination. Then, when Capaci continued to explain her answers and volunteer information, the trial court dismissed the jury and ended the trial. After the jury had been dismissed, the trial court stated:
“I think I gave Ms. Capaci every leeway I could possibly give, perhaps maybe too much. She continually disregarded my instructions to respond to the questions. I hereby dismiss the case with prejudice, costs attached to the plaintiff on this matter.”
Before the trial court had entered a judgment on its February 28, 2007, oral ruling, Folmar Kenner filed a motion seeking to tax the costs of the action against Capaci. In that motion, Folmar Kenner cited Rule 54, Ala. R. Civ. P., and Rule 68, Ala. R. Civ. P. On March 21, 2007, the trial court entered a judgment dismissing Capa-ci’s counterclaims with prejudice and ordering that costs be taxed against her. Capaci filed a postjudgment motion, arguing that the trial court had erred in dismissing her claims and in ordering that she pay the costs of the action. The trial court denied Capaci’s postjudgment motion, and Capaci timely appealed. The supreme court transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975.
Capaci raises several arguments on appeal. We find the dispositive issue to be whether the trial court erred in dismissing with prejudice her claims against Folmar Kenner. Pursuant to Rule 41(b), Ala. R. Civ. P., a trial court may dismiss a party’s claims “[f]or failure ... to prosecute or to comply with these rules or any order of court,” and a dismissal under Rule 41(b) “operates as an adjudication upon the merits.”
This court, in discussing dismissals pursuant to Rule 41(b), has stated:
“Rule 41(b), Ala. R. Civ. P., permits a trial court to dismiss an action when a plaintiff fails to prosecute that action or fails to comply with the Rules of Civil Procedure or orders of the court.... *1232 Typically, an appellate court will review a dismissal pursuant to Rule 41(b) to determine only whether the trial court abused its discretion. Riddlesprigger[ v. Ervin], 519 So.2d [486,] 487 [ (Ala.1987) ].
“ ‘However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations,’ and ‘appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside.’ Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978) (citing, among other things, 9 Wright & Miller, Federal Practice & Procedure § 2370, p. 203, n. 1). Our supreme court has explained that ‘the plaintiffs conduct must mandate the dismissal,’ and it has further reiterated the rule espoused by the United States Court of Appeals for the Fifth Circuit that a trial court ‘may dismiss with prejudice an action “only in the face of a clear record of delay or contumacious conduct by the plaintiff.” ’ Smith, 365 So.2d at 661 (quoting Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir.1967)).”
Kendrick v. Earl’s, Inc., 987 So.2d 589, 592-93 (Ala.Civ.App.2007).
Most of the cases that address the sanction of a Rule 41(b) dismissal involve situations in which a party purportedly has failed to prosecute his or her action or has failed to comply with pretrial orders. See Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332, 341 (Ala.1991) (affirming a dismissal with prejudice when the plaintiff had failed to comply with previous court orders and had initiated another round of litigation); Burdeshaw v. White, 585 So.2d 842 (Ala.1991) (reversing a dismissal with prejudice when the plaintiffs conduct did not show a willful or contumacious failure to prosecute the action); Henderson v. G & G Corp., 582 So.2d 529 (Ala.1991) (the evidence supported a dismissal with prejudice for failure to prosecute the action); Cabaniss v. Wilson, 501 So.2d 1177 (Ala.1986) (the evidence did not support a dismissal with prejudice for failure to prosecute the action); Kendrick v. Earl’s, Inc., supra (reversing dismissal judgments when there were insufficient bases for those judgments); Harris v. Cleveland, 979 So.2d 78 (Ala.Civ.App.2007) (reversing a dismissal with prejudice for failure to prosecute when the evidence did not support such a drastic sanction); Hosey v. Lowery, 911 So.2d 15 (Ala.Civ.App.2005) (dismissal with prejudice was too extreme a sanction for counsel’s failure to appear at a hearing); State ex rel. S.M. v. A.H., 832 So.2d 79 (Ala.Civ.App.2002) (reversing a dismissal with prejudice when the evidence did not support a finding that there had been a willful or contumacious delay in prosecuting the action); and Goodley v. Standard Furniture Mfg. Co., 716 So.2d 226, 227 (Ala.Civ.App.1998) (the failure to appear at a hearing did not warrant a dismissal with prejudice “[b]ecause the record reveal[ed] no delay, willful default, or contumacious conduct”). See also Weatherly v. Baptist Med. Ctr., 392 So.2d 832 (Ala.1981) (reversing a dismissal with prejudice under Rule 37, Ala. R. Civ. P., when the evidence did not support a determination that the plaintiff had willfully failed to respond to interrogatories). It does not appear from the research conducted by this court that the dismissal of claims due to a failure to comply with court rulings during a trial has been previously addressed or sanctioned by our courts.
In her brief on appeal, Capaci argues, among other things, that the evidence does not support a conclusion that her conduct during her testimony was willful or contumacious, and she contends that the trial court could have chosen a less drastic *1233 sanction than the dismissal of her claims with prejudice.
The record clearly indicates that Capaci did not comply with the trial court’s orders to confine her answers to the questions asked of her. Although the trial court did warn Capaci of the potential consequences of her conduct, it warned her that it would either terminate her testimony or end the trial; the trial court did not indicate that it was considering the dismissal of Capaci’s claims, and Folmar Ken-ner did not move for such a ruling. Also, Capaci’s statements made after the trial court’s warnings indicated that those warnings made Capaci increasingly nervous, which seemed to have exacerbated her tendency to elaborate in her testimony.
The determination of whether a party’s conduct was willful or contumacious is within the trial court’s discretion. “Because the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court.” Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d at 341 (citing Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 947 (9th Cir.1976), and Von Poppenheim v. Portland Boxing & Wrestling Comm’n, 442 F.2d 1047, 1051 (9th Cir.1971)). However, the dismissal of a party’s claim with prejudice is a drastic sanction that should be used only in extreme situations. Burdeshaw v. White, 585 So.2d at 847. Further, “ ‘[dismissal orders must be carefully scrutinized, and the plaintiffs conduct must mandate dismissal.’ ” Mosey v. Lowery, 911 So.2d at 17 (quoting Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989)).
We must conclude that under the facts of this case the trial court erred in dismissing Capaci’s claims with prejudice. Although Capaci repeatedly elaborated or gave irrelevant testimony, she also repeatedly communicated her anxiety about testifying. We recognize the difficult job of the trial court in dealing with noncom-pliant witnesses or parties. A trial court certainly may take measures necessary to maintain order in its courtroom. In fact, with regard to the specific facts of this case, we agree with the trial court that Capaci’s failure to heed the trial court’s warnings warranted some form of sanction. However, the trial court had available to it other, less drastic alternatives in enforcing its orders. Those less drastic sanctions included, but were not limited to, ending Capaci’s testimony, striking her testimony in its entirety, ending her presentation of evidence and submitting the matter immediately to the jury, or finding her in contempt.
We recognize and sympathize with the trial court’s frustration over Capaci’s behavior. Conduct such as that exhibited by Capaci is not to be condoned. The trial court was well within its power to take action to sanction Capaci for disobeying its orders in its courtroom. However, given the totality of the evidence, we conclude that Capaci’s conduct did not rise to the level that would warrant the extreme sanction of a dismissal with prejudice of her claims; in other words, her conduct did not “ ‘mandate dismissal.’ ” Hosey v. Lowery, 911 So.2d at 17.
Because we find Capaci’s argument on this issue to be dispositive, we pretermit discussion of the other issues raised by Capaci in her appellate brief.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., dissents, with writing.