PER CURIAM.
 

 Folmar Kenner, LLC, petitioned this Court for a writ of certiorari to review the Court of Civil Appeals’ decision reversing the trial court’s sua sponte dismissal, with prejudice, under Rule 41(b), Ala. R. Civ. P., of the counterclaims filed against Fol-mar Kenner by Andra Capaci, doing business as Andra Capaci Real Estate. See
 
 Andra Capaci d/b/a Andra Capaci Real Estate v. Folmar Kenner, LLC,
 
 43 So.3d 1229 (Ala.Civ.App.2008). We granted cer-tiorari review to consider, as a material question of first impression, whether the
 
 *1236
 
 trial court exceeded its discretion by dismissing Capaci’s counterclaims with prejudice under Rule 41(b), Ala. R. Civ. P., for failing to follow its orders during trial. See Rule 39(a)(1)(C), Ala. R.App. P. For the following reasons, we reverse the Court of Civil Appeals’ judgment.
 

 Facts and Procedural History
 

 In its opinion, the Court of Civil Appeals summarized the relevant procedural history and undisputed facts:
 

 “Folmar Kenner, LLC, sued Andra Capaci, doing business as Andra Capaci Real Estate, seeking damages on claims related to Capaci’s alleged breach of a lease agreement. Capaci answered and counterclaimed, alleging that the leased premises were unfit for occupancy and seeking damages on several claims, including negligence, wantonness, and breach of the lease agreement.
 

 “The dispute between the parties arose after Capaci discovered that the leased premises were infested with mold and she vacated the premises. Folmar Kenner remedied or attempted to remedy the mold problem, but some of Capa-ci’s personal property that she had left in the premises was damaged in the process. Although Folmar Kenner represented that it was safe for Capaci to return to the leased premises after it had performed its remedial measures, Capaci refused to do so. Folmar Ken-ner then claimed that Capaci had breached the lease agreement. Capaci claimed that she had suffered physical injury and emotional distress as a result of her exposure to toxic mold. She also sought to recover the value of the personal property that she alleged Folmar Kenner had damaged during its attempts to remedy the mold problem in the leased premises.
 

 “On July 27, 2006, Folmar Kenner filed an offer of judgment pursuant to Rule 68, Ala. R. Civ. P., in the amount of $25,000. Capaci did not accept that offer. On January 8, 2007, the parties filed a joint motion indicating that Fol-mar Kenner’s claims against Capaci had been settled; the parties moved for a dismissal of those claims. The record contains no indication that the trial court ruled on that motion, but the parties represented to the trial court at the start of the trial that those claims had been settled, and those claims were not prosecuted at the trial.
 

 “The case proceeded to a jury trial solely on Capaci’s counterclaims against Folmar Kenner. On February 28, 2007, the fourth day of the jury trial, Capaci testified. During her responses on direct examination, Capaci repeatedly volunteered information beyond that sought by the questions. Folmar Kenner objected repeatedly to answers Capaci gave, arguing that Ca-paci’s responses to questions asked of her exceeded the scope of the question that had been asked. During her direct examination, the trial court warned Capaci that if she continued to volunteer information, it would ‘terminate [her] testimony.’
 

 “The cross-examination of Capaci by Folmar Kenner was contentious at times. Folmar Kenner repeatedly objected to Capaci’s elaborating or expanding her answers to provide information beyond that which was necessary to properly respond to the questions. The trial court continued to warn Capaci to limit her responses to the questions actually asked. The trial court also explained to Capaci that her attorney could ask her additional questions on redirect examination so that she could fully explain the answers she gave on cross-examination. However, despite
 
 *1237
 
 the repeated warnings, Capaci continued to volunteer information and expound on her answers.
 

 “The trial court then warned Capaci again, telling her that that warning was the last one it would give and that ‘[t]his trial will end the next time you volunteer an answer that is not requested by the question.’ In response, Capaci, as she had done several times before, told the trial court that she was nervous testifying in court.
 

 “In spite of its statement that it would no longer warn Capaci, the trial court continued to do so several more times during her cross-examination. Then, when Capaci continued to explain her answers and volunteer information, the trial court dismissed the jury and ended the trial. After the jury had been dismissed, the trial court stated:
 

 “ T think I gave Ms. Capaci every leeway I could possibly give, perhaps maybe too much. She continually disregarded my instructions to respond to the questions. I hereby dismiss the case with prejudice, costs attached to the plaintiff on this matter.’ ”
 

 Capaci,
 
 43 So.3d at 1230-31.
 

 The Court of Civil Appeals then set forth the standard of review of a trial court’s decision to dismiss an action with prejudice under Rule 41(b), Ala. R. Civ. P.:
 

 “This court, in discussing dismissals pursuant to Rule 41(b), has stated:
 

 “ ‘Rule 41(b), Ala. R. Civ. P., permits a trial court to dismiss an action when a plaintiff fails to prosecute that action or fails to comply with the Rules of Civil Procedure or orders of the court.... Typically, an appellate court will review a dismissal pursuant to Rule 41(b) to determine only whether the trial court abused its discretion.
 
 Riddlesprigger [v. Ervin],
 
 519 So.2d [486,] 487 [ (Ala.1987) ].
 

 “ ‘ “However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations,” and “appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside.”
 
 Smith v. Wilcox County Bd. of Educ.,
 
 365 So.2d 659, 661 (Ala.1978) (citing, among other things, 9 Wright
 
 &
 
 Miller,
 
 Federal Practice & Procedure
 
 § 2370, p. 203, n. 1). Our supreme court has explained that “the plaintiffs conduct must mandate the dismissal,” and it has further reiterated the rule espoused by the United States Court of Appeals for the Fifth Circuit that a trial court “may dismiss with prejudice an action ‘only in the face of a clear record of delay or contumacious conduct by the plaintiff.’ ”
 
 Smith,
 
 365 So.2d at 661 (quoting
 
 Durham v. Florida East Coast Ry. Co.,
 
 385 F.2d 366, 368 (5th Cir.1967)).’
 

 “Kendrick v. Earl’s, Inc.,
 
 987 So.2d 589, 592-93 (Ala.Civ.App.2007).”
 

 Capaci,
 
 43 So.3d at 1231-32.
 

 Before the Court of Civil Appeals, Capa-ci argued that the evidence did not support a finding that her conduct during her testimony was willful or contumacious, and she argued that the trial court could have imposed a lesser sanction than the dismissal of her counterclaims with prejudice. The Court of Civil Appeals agreed with Capaci. It reversed the trial court’s dismissal of Capaci’s counterclaims, holding as follows:
 

 “We must conclude that under the facts of this case the trial court erred in dismissing Capaci’s claims with prejudice. Although Capaci repeatedly elaborated or gave irrelevant testimony, she also repeatedly communicated her anxiety about testifying. We recognize the difficult job of the trial court in dealing
 
 *1238
 
 with noncompliant witnesses or parties. A trial court certainly may take measures necessary to maintain order in its courtroom. In fact, with regard to the specific facts of this case, we agree with the trial court that Capaci’s failure to heed the trial court’s warnings warranted some form of sanction. However, the trial court had available to it other, less drastic alternatives in enforcing its orders. Those less drastic sanctions included, but were not limited to, ending Capaci’s testimony, striking her testimony in its entirety, ending her presentation of evidence and submitting the matter immediately to the jury, or finding her in contempt.
 

 “We recognize and sympathize with the trial court’s frustration over Capaci’s behavior. Conduct such as that exhibited by Capaci is not to be condoned. The trial court was well within its power to take action to sanction Capaci for disobeying its orders in its courtroom. However, given the totality of the evidence, we conclude that Capaci’s conduct did not rise to the level that would warrant the extreme sanction of a dismissal with prejudice of her claims; in other words, her conduct did not ‘ “mandate dismissal.” ’
 
 Hosey v. Lowery,
 
 911 So.2d [15,] 17 [ (Ala.Civ.App.2005) ].”
 

 Capaci,
 
 43 So.3d at 1233. Folmar Kenner then petitioned this Court for certiorari review of the Court of Civil Appeals’ decision. We reverse and remand.
 

 Standard of Review
 

 The trial court’s action in dismissing Capaci’s counterclaims was apparently based on its finding of contempt for Capa-ci’s failure to adhere to the court’s repeated orders instructing Capaci to confine her answers to the questions posed by counsel during her testimony. The trial court’s conclusion as to the credibility of the excuse proffered by Capaci for disregarding those instructions is therefore presumed correct. See
 
 Gilbert v. Nicholson,
 
 845 So.2d 785, 791 (Ala.2002) (“When evidence in a contempt case is presented ore tenus to the trial court, the trial court’s finding regarding contempt is presumed correct.”). A finding of contempt is “ ‘ “a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.” ’ ”
 
 S.A.T. v. E.D.,
 
 972 So.2d 804, 809 (Ala.Civ.App.2007) (quoting
 
 Nave v. Nave,
 
 942 So.2d 372, 377 (Ala.Civ.App.2005), quoting in turn
 
 Stack v. Stack,
 
 646 So.2d 51, 56 (Ala.Civ.App.1994)).
 

 Discussion
 

 The controlling issue of law is whether the trial court exceeded its discretion in dismissing Capaci’s counterclaims with prejudice under Rule 41(b), Ala. R. Civ. P. Folmar Kenner contends that Ca-paci’s “testimonial misconduct” justified the trial court’s actions because, it says, her misconduct was willful and contumacious. Folmar Kenner also contends that no lesser sanctions were available to the trial court that would have promoted a fair and just adjudication of Capaci’s claims against Folmar Kenner. Capaci maintains that her conduct was neither willful nor contumacious.
 

 As the Court of Civil appeals noted, the factual situation presented in this case is novel:
 

 “Most of the cases that address the sanction of a Rule 41(b) dismissal involve situations in which a party purportedly has failed to prosecute his or her action or has failed to comply with pretrial orders.
 
 See Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 
 *1239
 
 604 So.2d 332, 341 (Ala.1991) (affirming a dismissal with prejudice when the plaintiff had failed to comply with previous court orders and had initiated another round of litigation);
 
 Burdeshaw v. White,
 
 585 So.2d 842 (Ala.1991) (reversing a dismissal with prejudice when the plaintiffs conduct did not show a willful or contumacious failure to prosecute the action);
 
 Henderson v. G & G Corp.,
 
 582 So.2d 529 (Ala.1991) (the evidence supported a dismissal with prejudice for failure to prosecute the action);
 
 Cabaniss v. Wilson,
 
 501 So.2d 1177 (Ala.1986) (the evidence did not support a dismissal with prejudice for failure to prosecute the action);
 
 Kendrick v. Earl’s, Inc.,
 
 supra (reversing dismissal judgments when there were insufficient bases for those judgments);
 
 Harris v. Cleveland,
 
 979 So.2d 78 (Ala.Civ.App.2007) (reversing a dismissal with prejudice for failure to prosecute when the evidence did not support such a drastic sanction);
 
 Hosey v. Lowery,
 
 911 So.2d 15 (Ala.Civ.App.2005) (dismissal with prejudice was too extreme a sanction for counsel’s failure to appear at a hearing);
 
 State ex rel. S.M. v. A.H.,
 
 832 So.2d 79 (Ala.Civ.App. 2002) (reversing a dismissal with prejudice when the evidence did not support a finding that there had been a willful or contumacious delay in prosecuting the action); and
 
 Goodley v. Standard Furniture Mfg. Co.,
 
 716 So.2d 226, 227 (Ala.Civ.App.1998) (the failure to appear at a hearing did not warrant a dismissal with prejudice ‘[bjecause the record reveal[ed] no delay, willful default, or contumacious conduct’).
 
 See also Weatherly v. Baptist Med. Ctr.,
 
 392 So.2d 832 (Ala.1981) (reversing a dismissal with prejudice under Rule 37, Ala. R. Civ. P., when the evidence did not support a determination that the plaintiff had willfully failed to respond to interrogatories). It does not appear from the research conducted by this court that the dismissal of claims due to a failure to comply with court rulings during a trial has been previously addressed or sanctioned by our courts.”
 

 Capad,
 
 43 So.3d at 1232. Although the factual situation presented by this case may be novel, the rules concerning the trial court’s power to dismiss a case with prejudice under Rule 41(b) are well established.
 

 Rule 41(b), Ala. R. Civ. P., states, in pertinent part:
 

 “For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.”
 

 Concerning the scope of Rule 41(b), this Court held in
 
 Riddlesprigger v. Ervin,
 
 519 So.2d 486 (Ala.1987):
 

 “Rule 41(b) has been construed to mean that a trial court has the inherent power to dismiss a cause for want of prosecution or for failure to comply with court rules or orders.
 
 Ryder Int’l Corp. v. State,
 
 439 So.2d 162 (Ala.Civ.App.1983).
 
 Accord, Link v. Wabash R.R.,
 
 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal is generally considered to be within the sound discretion of the trial court and will be reversed on appeal only for an abuse of that discretion.
 
 Whitehead v. Baranco Color Labs, Inc.,
 
 355 So .2d 376 (Ala.Civ.App.1978). It need only be determined, upon appellate review of a trial court’s action under Rule 41(b), whether the ruling is supported by the evidence.
 
 Strickland v. National Gypsum Co.,
 
 348 So.2d 497 (Ala.Civ.App.1977);
 
 Nettles v. First Nat’l Bank,
 
 388 So.2d 916 (Ala.1980).
 

 
 *1240
 
 [[Image here]]
 

 “As this Court has heretofore observed:
 

 “Tn Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a
 
 clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education,
 
 365 So.2d [659] at 661 [ (Ala.1978) ]. See, e.g.,
 
 Boazman v. Economics Laboratory, Inc., 537
 
 F.2d 210 (5th Cir.1976);
 
 Pond v. Braniff Airways,
 
 453 F.2d 347 (5th Cir.1972). Willful default or conduct is a conscious or intentional failure to act.
 
 Welsh v. Automatic Poultry Feeder Co.,
 
 439 F.2d 95 (8th Cir.1971). “Willful” is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.’
 

 “Selby v. Money,
 
 403 So.2d 218, 220 (Ala.1981).”
 

 519 So.2d at 487-88. Further, this Court has held that “[bjecause the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court.”
 
 Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 604 So.2d 332, 341 (Ala.1991) (citations omitted).
 

 In reversing the trial court’s judgment of dismissal, the Court of Civil Appeals failed to follow the well established rule that it acknowledged in its opinion: “The determination of whether a party’s conduct was willful or contumacious is within the trial court’s discretion. ‘Because the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss ... will be accorded considerable weight ....’”
 
 Capaci,
 
 43 So.3d at 1230 (quoting
 
 Jones,
 
 604 So.2d at 341). The Court of Civil Appeals recognized the trial court’s inherent power to dismiss a case under Rule 41(b), Ala. R. Civ. P., given the trial court’s numerous warnings and orders to Capaci while she was testifying and Capaci’s demonstrated disregard for those warnings and orders. However, the Court of Civil Appeals, after considering the “totality of the evidence,” held that
 

 “under the facts of this case the trial court erred in dismissing Capaci’s claims with prejudice. Although Capaci repeatedly elaborated or gave irrelevant testimony, she also repeatedly communicated her anxiety about testifying.”
 

 Capaci,
 
 43 So.3d at 1233.
 

 The Court of Civil Appeals substituted its judgment for that of the trial court when, based on Capaci’s testimony that she was nervous about testifying, it concluded that Capaci’s conduct was not sufficiently willful or contumacious to mandate the dismissal of her counterclaims with prejudice. In so doing, the Court of Civil Appeals, instead of simply reviewing the record to determine if the trial court’s actions were supported by the evidence, appropriated the trial court’s inherent power to dismiss a case for failure to comply with its orders.
 

 The Court of Civil Appeals did not hold that the record was void of evidence to support the trial court’s holding that Capaci’s conduct was willful or contumacious; in fact, the record contains evidence that supports the trial court’s holding. The Court of Civil Appeals recognized the trial court’s numerous orders to Capaci to refrain from elaborating or expanding her answers beyond that necessary to properly respond to the questions posed by counsel and recognized the trial court’s warnings
 
 *1241
 
 to Capaci regarding the potential consequences of her persistent misconduct: “the trial court warned Capaci that if she continued to volunteer information, it would ‘terminate [her] testimony,’ ” 43 So.3d at 1231; “[t]he trial court continued to warn Capaci to limit her responses to the questions actually asked,” 43 So.3d at 1231; “[h]owever, despite the repeated warnings, Capaci continued to volunteer information and expound her answers,” 43 So.3d at 1231; “[t]he trial court then warned Capa-ci again, telling her that that warning was the last one it would give and that ‘[t]his trial will end the next time you volunteer an answer that is not requested by the question,’ ” 43 So.3d at 1231; “[i]n spite of its statement that it would no longer warn Capaci, the trial court continued to do so several more times during her cross-examination,” 43 So.3d at 1231; and “the trial court did warn Capaci of the potential consequences of her conduct,” 43 So.3d at 1233. Further, the Court of Civil Appeals found that Capaci had unquestionably refused to follow the trial court’s orders during trial and that such misconduct merited some form of sanction. 43 So.3d at 1233. Capaci’s conduct could certainly be considered “willful,” as this Court has defined that term. There is evidence to support the trial court’s holding that Capaci consciously, as opposed to accidentally or involuntarily, failed to follow the trial court’s repeated orders. Moreover, Capa-ci’s motive or intent is inconsequential to a determination that she acted willfully. See
 
 Selby v. Money,
 
 403 So.2d 218, 220 (Ala.1981).
 

 However, based solely on Capaci’s testimony that she was nervous about testifying, the Court of Civil Appeals disregarded the trial court’s determination that Capa-ci’s conduct was willful or contumacious and made its own determination, from a cold record, that her conduct was neither willful nor contumacious. In doing so, the Court of Civil Appeals disregarded the well established principle that the trial court is far better situated than is an appellate court to determine whether Ca-paci’s conduct was willful or contumacious because the trial court has the advantage of personally observing the witness’s testimony and is not confined to a removed reading of a cold record. See
 
 Bentley Sys., Inc. v. Intergraph Corp.,
 
 922 So.2d 61, 81 (noting that a trial court has a distinct advantage over an appellate court in making determinations based on testimony because it can see and hear the witness firsthand as the witness testifies and can question the witness if necessary). Therefore, we conclude that the trial court did not exceed its discretion in dismissing with prejudice Capaci’s counterclaims under Rule 41(b), Ala. R. Civ. P.
 

 We conclude that the record supports the trial court’s decision to dismiss Capa-ci’s counterclaims with prejudice under Rule 41(b), Ala. R. Civ. P., and, thus, that the trial court did not exceed its discretion in doing so. In substituting its judgment for that of the trial court’s, the Court of Civil Appeals did not give the trial court’s judgment the proper deference. Therefore, we reverse the Court of Civil Appeals’ judgment holding that the trial court exceeded its discretion in dismissing Capa-ci’s counterclaims.
 

 It is also necessary to remand this case to the Court of Civil Appeals for further proceedings consistent with this opinion. The Court of Civil Appeals stated in its opinion that “Capaci raises several [other] arguments [concerning the taxation of court costs] on appeal,” but it found “the dispositive issue to be whether the trial court erred in dismissing with prejudice her claims against Folmar Ken-ner.”
 
 Capaci,
 
 43 So.3d at 1231. Ultimately, the Court of Civil Appeals held in
 
 *1242
 
 its conclusion that “[bjecause we find Ca-paci’s argument on [the dismissal-with-prejudice] issue to be dispositive, we pre-termit discussion of the other issues [concerning the taxation of court costs] raised by Capaci in her appellate brief.”
 
 Id.
 
 at 1233. Therefore, the Court of Civil Appeals must now address those other issues.
 

 Conclusion
 

 Based on the foregoing, the judgment of the Court of Civil Appeals is reversed and the case remanded to the Court of Civil Appeals for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.