MOORE, Judge,
dissenting.
I respectfully dissent.
The main opinion acknowledges that the Houston Circuit Court (“the trial court”) erred by dismissing Jaquala Wilson’s appeal for lack of subject-matter jurisdiction. 187 So.3d at 1167. Nevertheless, the rhain opinion purports to affirm the dismissal on a ground upon which the trial court did not rely, namely, that Wilson did not pay the filing fee for her appeal despite numerous orders entered by the trial court requiring her to do so.
The main opinion first posits that the failure to pay a filing fee constitutes a valid legal ground- for dismissal under Scott v. Kimerling, 417 So.2d 204 (Ala.Civ. App.1982). However, in Finch v. Finch, 468 So.2d 151 (Ala.1985), our supreme court held that the nonpayment of a filing fee at the time of an appeal from probate court to circuit court does not affect the jurisdiction of the circuit court over the appeal. In reaching that decision, the supreme court specifically discussed Scott and rejected any notion that appeals from district court to circuit court require the immediate payment of a filing fee. 468 So.2d at 154 (“Nothing in the above-cited authorities establishes that the payment of filing fees in the circuit court within the time allowed for appeal is a jurisdictional requirement for perfecting such an appeal.”). Under Finch, the fact that Wilson did not pay. the filing fee does not, in and of itself, constitute a valid legal ground for dismissal.
.The main opinion next reasons that, because Wilson did not pay the fee, the trial court “was empowered to dismiss Wilson’s complaint ... by -Rule 41(b), Ala. R. Civ. P., which permits a trial court to dismiss an action ‘[f]or failure of.the plaintiff .... *1172 to comply with ... any order of court.’ ” 187 So.3d at 1171. However, this court may affirm a judgment only on a “valid legal ground presented” by the record. Warren v. Hooper, 984 So.2d 1118, 1121 (Ala.2007). Rule 41(b) merely permits a trial court to dismiss a case due to a violation of its orders; the rule does not require dismissal for such violations. See Ex parte Folmar Kenner, LLC, 43 So.3d 1234 (Ala.2009). Whether to dismiss a case under Rule 41(b) for violation of court orders rests solely within the discretion of the trial court whose order is violated. Id. Hence, the mere fact that Wilson did not comply with the trial court’s orders to pay the filing fee also does not prove that Southeast Alabama Medical Center was entitled to a dismissal of Wilson’s appeal as a matter of law or support this court’s decision to affirm for that reason.
THOMPSON, P.J., concurs.